[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14133
Non-Argument Calendar

_____

BIA Nos.
A78-588-854
A78-588-855

CESAR YESID MENDOZA-NARANJO,
CLAUDIA PATRICIA SUACHA-DIAZ,
CESAR LEONARDO MENDOZA-SUACHA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 30, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Cesar Yesid Mendoza-Naranjo, Claudia Patricia Suacha-Diaz , and Cesar Leonardo Mendoza-Suacha (collectively "Petitioner"),[1] are natives and citizens of Columbia, S.A. They came to the United States from Columbia as non-immigrant visitors and overstayed their visit in violation of the federal immigration laws. Before an Immigration Judge ("IJ"), they admitted their illegal status and applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture ("CAT").

On December 8, 2003, after a full hearing, the IJ denied the application for asylum and withholding of removal and ordered Petitioner removed to Columbia. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA") on January 6, 2004. The Board dismissed the appeal, issuing its decision on June 30, 2005.[2] Petitioner filed a timely petition for review with this court on July 28, 2005, seeking review of the BIA's June 30 decision.

In his brief, Petitioner contends that he suffered from past persecution on account of his imputed political opinion and that he had a well-founded fear that

---

[1] Naranjo is the lead petitioner, Diaz is his wife, and Suacha is their son. We refer to Naranjo as "Petitioner" and to Diaz and Suacha by name if necessary to facilitate discussion.

[2] Petitioner, on July 27, 2005, moved the Board to reconsider its decision and to remand the case to the IJ for further proceedings. The Board denied the motion on August 16, 2005, with this statement:
> A motion to reconsider shall specify the errors of fact or law in the prior Board decision and shall be supported by pertinent authority. *See* 8 C.F.R. sas 1003.2(b)(1). The respondents have not complied with reconsideration standards and are merely rearguing the merits of their appeal.

2

his imputed political opinion will cause him persecution if he is returned to Columbia. Specifically, he contends that he was persecuted by the Revolutionary Armed Forces of Colombia ("FARC") for his religious activities that set people against the FARC. He argues that this qualifies him for asylum and withholding of removal under the INA and for relief under the CAT.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). And, here, there was no express adoption. To the extent that the BIA based its decision on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). As for the BIA's factual findings, we review them under the substantial-evidence test and "must affirm . . . if [the findings are] supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). The substantial-evidence test is "deferential" and does not allow us to "re-weigh the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). To reverse the Board's fact findings, we must conclude that the record not only supports reversal, but that it compels reversal. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering a withholding-of-removal claim).

3

An alien who arrives in or is present in the United States may apply for asylum.  See 8 U.S.C. § 1158(a)(1).  The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the statute's definition of a "refugee."  See 8 U.S.C. § 1158(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving statutory "refugee" status.  See Al Najjar, 257 F.3d at 1284.  To establish asylum eligibility, the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b).  "Demonstrating such a connection requires the [applicant] to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion [or other statutory factor]."  Al Najjar, 257 F.3d at 1287 (quotations and citation omitted).  An applicant may not show merely that he has a political opinion; he must establish

4

that he was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

To qualify for withholding of removal under the INA, an applicant must prove that it is more likely than not that if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). An applicant bears "the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287. If the applicant is unable to meet the standard of proof for asylum, he is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

The applicant's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b). "However, the weaker the applicant's testimony, the greater the need for corroborative evidence." In re Y-B, 21 I. & N. Dec. 1136, 1139 (BIA 1998). If the applicant establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country. 8 C.F.R. §§ 208.13(b), 208.16(b). The Attorney General can rebut that presumption, however, if he shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened

5

upon his removal or that the applicant could relocate within the country and it would be reasonable to expect him to do so. Id. An applicant who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country. Id. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," "an applicant must demonstrate that his . . . fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289 (discussing well-founded fear as it applies to asylum). Also, as with past persecution, if the BIA finds that the applicant could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. §§ 208.13(b)(1)-(2), 208.16(b)(1)-(2).

"Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and "mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted). A showing that the applicant was persecuted or tortured due to his refusal to cooperate with "guerillas," here the FARC, will not be enough to show political persecution. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

6

"An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (citations and quotation omitted). "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." Id. (alteration and quotation omitted).

In this case, substantial evidence supports the BIA's decision that Petitioner was not persecuted based on his imputed political opinion and did not have a well-founded fear of future persecution. Before his hearing, he filed two documents, an asylum application and a letter from the General Direction for Human Rights in Colombia, and neither mentioned persecution on account of political opinion. These two documents suggested that Petitioner was persecuted because he was a business owner who refused to pay a "war tax." At the hearing before the IJ, he emphasized for the first time that he was persecuted based on an imputed political opinion. The evidence is inconsistent and Petitioner's testimony, without more, does not compel a reversal. The evidence at the hearing – specifically the application, the General Direction's letter, and the testimony – provides substantial support for the BIA's finding, and the evidence that Petitioner put forth does not compel a reversal of the BIA's decision. See Mendoza, 327 F.3d at 1287.

7

As to a well-founded fear of future persecution, Petitioner failed to show that he could not avoid a future threat by relocating to another part of the country. Both his and his wife's testimony established that they were not persecuted once they left their farming village and moved to Bogota.

In sum, we affirm the BIA's decision denying the application for asylum. Because Petitioner bore a higher burden of proof for withholding under the INA, we affirm the BIA's denial of withholding of removal. Al Najjar, 257 F.3d at 1292-93.

To obtain relief under the CAT, the applicant must to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The applicant's burden of proof for CAT relief, like that for withholding of removal under the INA, is higher than the burden imposed on an asylum applicant. Al Najjar, 257 F.3d at 1303. Therefore, where, as here, the applicant "has failed to establish a claim of asylum on the merits, he necessarily

8

fails to establish eligibility for . . . protection under CAT." <u>Forgue v. U.S. Att'y</u>

<u>Gen.</u>, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

PETITION DENIED.