[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 14, 2006
THOMAS K. KAHN
CLERK

No. 05-13994
Non-Argument Calendar
_____

BIA No. A78-743-409

ABDELHAMID ZERRIOUH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(February 14, 2006)

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Abdelhamid Zerriouh petitions this Court for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). See 8 U.S.C. § 1231; 8 C.F.R. § 208.16(c). Zerriouh argues that the IJ's adverse credibility determination was not supported by substantial evidence, and that the IJ erred in denying withholding of removal based on past persecution[1] and relief under the CAT.

It is uncontested that Zerriouh is removable under INA § 237(a)(1)(B) for remaining in the United States for a longer time than permitted. The only relief Zerriouh sought was withholding of removal under the INA and CAT. To qualify for withholding of removal, an alien must show that, if returned to his native country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The burden of proof is on the alien to show either that he has suffered past persecution or that it is more likely than not that he will suffer future

---

[1] Zerriouh abandoned the issue of whether he established eligibility for withholding of removal based on a future threat of persecution by failing to raise it in his appellate brief. See Mendoza v. U.S. Attorney Gen., 327 F.3d, 1283 1286 n.3 (11th Cir. 2003) (stating that the respondent abandoned his CAT claim because he did not raise it in his appellate brief).

persecution. See 8 C.F.R. § 208.16(b).  When only the applicant's testimony is offered in support of his claim, an adverse credibility determination, by itself, is sufficient to support the denial of withholding of removal.  See Forgue, 401 F.3d at 1287.  The IJ must consider all evidence produced by the applicant, and, therefore, if the applicant offers "other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient to rely solely on an adverse credibility determination in those instances."  Id.

Because the BIA summarily affirmed the IJ without an opinion, we review the IJ's opinion.  See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  We review the IJ's factual determinations, including credibility determinations, under the substantial evidence test.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted).  Under this test, we will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id. (citation and quotation marks omitted).  To the extent the IJ's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

Here, the IJ's adverse credibility determination was explicit, so we consider whether it was supported by substantial evidence.  The IJ stated three main reasons for his credibility determination: (1) inconsistencies between Zerriouh's hearing testimony and his application narrative; (2) Zerriouh's evasiveness during cross-

3

examination; and (3) the minimal amount of corroborative evidence for Zerriouh's claims.

We find that Zerriouh has not satisfied his burden of showing that the IJ's credibility determination was not supported by substantial evidence. There was a six month discrepancy between Zerriouh's written narrative and his statement at his hearing regarding the date when events in Algeria became problematic for him, he made contradictory statements regarding whether he had been taken to a military base for interrogation after an altercation with police officers, and inconsistent statements as to the number of times he had been arrested. Furthermore, the IJ properly relied upon the absence of corroborating evidence and the failure of Zerriouh's wife to testify as additional grounds for determining Zerriouh's credibility, as he was not required to consider corroborating evidence which supported portions of Zerriouh's testimony before making a credibility determination on these grounds. The record, therefore, does not compel a conclusion that the IJ's credibility determination should be overturned.

Because the denial of withholding of removal cannot be based solely on an adverse credibility claim if the applicant offered "other evidence of persecution," Forgue, 401 F.3d at 1287, we must next consider whether the IJ properly considered all the record evidence in denying withholding of removal. The only other evidence of persecution offered by Zerriouh was a letter by Professor

4

Colaruso concluding that Zerriouh would be persecuted if he returned to Algeria. We are satisfied that the IJ considered this letter in determining, and denying, Zerriouh's withholding of removal.

In order to obtain relief under the CAT, a petitioner must show that "it is more likely than not that [he] will be tortured in [his] home country at the hands of [his] government or that [his] government will acquiesce in the torture." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

Professor Colaruso's conclusion that Zerriouh would be persecuted and likely killed or tortured due to his ethnic group historically being "unsparing in their rule," does not compel a finding that Zerriouh was subject to past persecution based on his ethnicity, or will more likely than not be subject to torture, and Zerriouh did not bring forth other evidence to meet his burden on this point. Accordingly, the record does not compel a conclusion that the IJ's findings should be overturned.

**PETITION DENIED.**

5