[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11109
Non-Argument Calendar

_____

Agency No. A79-056-587

EFENDY LIE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 15, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Efendy Lie, a citizen and native of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of asylum, withholding of removal and United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") relief. Lie concedes that the BIA correctly dismissed his asylum claim as untimely. Therefore, we will not further discuss that claim. The Government argues that Lie waived his challenge to the BIA's denial of CAT relief and any argument that he was entitled to relief based on past persecution by not arguing those issues in his brief. The Government also contends that Lie has waived any argument that the BIA erred by making an adverse credibility determination by not arguing the issue on appeal. The Government asserts that because the IJ denied Lie's application for relief based on the adverse credibility determination, and the BIA affirmed, Lie's petition should be dismissed because the adverse credibility determination is dispositive.

When an appellant fails to offer argument on an issue, that issue is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). A passing reference to an issue in a brief is insufficient to properly raise that issue. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). An alien who arrives in or is present in the United States may apply for relief from removal. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1284-85 (11th

Cir. 2005).  The asylum applicant carries the burden of proof.  <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001).  However, an adverse credibility determination by the BIA may be sufficient in itself to support the denial of an application for relief from removal.  <u>Forgue</u>, 401 F.3d at 1287.

Lie has waived any argument that the BIA erred by making an adverse credibility determination or by denying CAT relief because Lie did not argue either issue in his brief.  However, the BIA did not rest its decision solely on the adverse credibility determination, so we will address the BIA's denial of withholding of removal on the merits as well.

On appeal, Lie argues that an applicant who shows a clear probability of persecution may not be deported.  Lie states that he testified at his asylum hearing about the suffering he endured as a Chinese Christian in predominately Muslim Indonesia, including attacks by other children where he was bruised, his nose bled, and his ear was cut.  Lie asserts that the situation in Indonesia is unstable, and it is more likely than not that he will face further attacks from native Indonesians if forced to return.  He asserts, therefore, that the BIA erred by deny him withholding of removal.

We review only the BIA's decision because the BIA did not  adopt the IJ's opinion or reasoning.  <u>Al Najjar</u>, 257 F.3d at 1284.  When considering a petition to review a BIA final order, we review legal issues <u>de novo</u>.  <u>Mohammed v. Ashcroft</u>,

261 F.3d 1244, 1247 (11th Cir. 2001). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar, 257 F.3d at 1283. Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284. "To reverse a factual finding by the BIA, we must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record also may support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An alien may qualify for withholding of removal by either by (1) showing past persecution on a protected ground or (2) showing "it is more likely than not that [the petitioner's] life or freedom would be threatened on account of a statutorily protected factor if returned to [the country of removal]." Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). Protected grounds are race, religion, nationality, membership in a particular social group, or political opinion. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004). If an alien shows past persecution, a rebuttable presumption of future persecution arises. Tan, 446 F.3d at 1375. The alien bears the burden of proof to show that it is more likely than not that the alien will be persecuted or tortured. Sepulveda, 401 F.3d at 1232.

4

Persecution is an "extreme concept" that requires "more than a few isolated incidents of verbal harassment or intimidation." Id. at 1231. Mere harassment "does not amount to persecution." Id. Additionally, even after making an adverse credibility determination, the IJ still must consider other evidence produced by the applicant. Forgue, 401 F.3d at 1287.

Lie's claim that the BIA erred by denying withholding of removal is without merit. The BIA only needed to consider the supporting evidence, not Lie's testimony, because it had accepted the IJ's adverse credibility determination. The Country Report and Religious Freedom Report show that Indonesia has made significant progress in reducing racial and religious discrimination. Further, Lie's brother and sisters live in Indonesia without incident. Substantial evidence supports the BIA's conclusion that Lie is not at risk of future persecution because the evidence shows Indonesia's racial and religious progress, and Lie's family is living in Indonesia without incident.

Even considering Lie's testimony, the BIA did not err by denying relief because Lie did not establish past persecution. Lie testified that other children had injured him on two separate occasions, causing a nosebleed and a serious cut on his ear. After the incident where Lie's ear was cut, the school principal expelled the offenders from the school. Lie suffered no other serious incidents. The incidents that he cited do not amount to persecution because they are not extreme. In one

5

incident, Lie's most serious injury was a nosebleed, and in the other, the authorities acted directly to punish those responsible. Therefore, the BIA did not err by denying withholding of removal because substantial evidence supports the BIA's conclusion that Lie did not meet his burden of proof. Accordingly, Lie's petition for review of the BIA's decision is denied.

**DENIED**.