[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 27, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-16260
Non-Argument Calendar

_____

BIA No. A79-505-814

MARIA EUGENIA ELIAN SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals

_____

**(October 27, 2004)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Maria Eugenia Elian Sanchez petitions this court to review the final order of

the Board of Immigration Appeals (BIA) affirming the decision of an immigration

judge (IJ) denying her applications for asylum, withholding of removal under the Immigration and Nationality Act (INA), and protection under the Convention against Torture (CAT). The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 30009 (1996) ("IIRIRA"), govern our disposition of her petition because her removal proceedings commenced after April 1, 1997.

Sanchez, a native and citizen of Colombia, entered the United States on or about October 21, 1999, as a non-immigrant visitor with authorization to remain until October 19, 2001. On September 24, 2001, Sanchez filed an application for asylum. On November 14, 2001, the Immigration and Naturalization Service (INS)[1] served Sanchez with a Notice to Appear placing her in immigration removal proceedings as an alien who had remained in the United States longer than permitted. See INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

An IJ heard Sanchez's applications on December 7, 2001, and March 15 and July 26, 2002.[2] Sanchez, represented by counsel, conceded removability, then

---

[1] The INS is now part of the Department of Homeland Security. For convenience, we refer to the Department as the INS.

[2] On July 26, the IJ also heard the application for asylum and withholding of removal filed by her brother, Leonardo Eduardo Elian. His application is not before us.

presented her case for asylum and withholding of removal. Sanchez testified to essentially the same events she described in her applications for asylum and withholding of removal. She said that in addition to her job with a consulting company, she served as a volunteer organizer, support person, and counselor for Corp. J. Siloe, which used sports and recreational activities to rehabilitate young gang members and delinquents. Her brother, Leonardo Eduardo Elian, served Corp. J. Siloe in the same way. In August 1999, she and Elian were stopped by five men who were members of the Revolutionary Armed Forces of Colombia (FARC) while returning from a Siloe outing. The men took their wallets, and when they realized that Sanchez and Elian were doing social work, they exclaimed, "you have saved yourselves." After being detained for twenty minutes, they were released. Neither Sanchez nor Elian reported the event to the police.

The next month, Sanchez received a phone call from FARC, asking that she and Elian cooperate and meet with a FARC commander. Sanchez did not report the call to the police; nor did she or Elian cooperate. She refused to cooperate because she was "not in agreement with the way [FARC had] destroyed the country." Sanchez received another call several days later during which FARC demanded twenty million pesos from her and the same amount from Elian for their

refusal to cooperate. Fearing death if she stayed in Columbia, she fled to the United States.

Elian said that he moved from Cali to Bogota, Columbia in September 1999 to live with an uncle. In February 2000, his uncle began receiving phone calls and someone Elian did not know knocked on his uncle's door looking for "Elian." He moved to a cousin's house; thereafter, people on motorcycles began asking for him. He reported none of the foregoing to the police. In December 2000, two suspicious-looking men came to his aunt's house to ask his aunt, a lawyer, to represent them. That night he received a death threat over the telephone. He did not report the threat to the police; instead, he came to the United States.

Based on the testimony of Sanchez and Elian and the documentary evidence presented, the IJ denied Sanchez's application for asylum on the ground that her application was untimely and she had not demonstrated exceptional circumstances that could excuse her failure to file her application on time. The IJ denied Sanchez's application for withholding of removal because she failed to establish that FARC's interest in her was related to a statutorily protected ground. The IJ denied Sanchez CAT protection because she failed to show government involvement or knowledge of FARC's encounters with her and Elian.

Sanchez appealed the IJ's decision to the BIA on the ground that she demonstrated eligibility for asylum and withholding of removal. She did not appeal the IJ's decision that she was ineligible for CAT protection. On November 13, 2003, the BIA adopted and affirmed the IJ's decision. The BIA agreed with the IJ's determination that Sanchez was ineligible for asylum because she did not timely file her application or demonstrate circumstances excusing her untimely filing. The BIA also agreed that the IJ correctly found that Sanchez failed to meet her burden of proof regarding withholding of removal under the INA.

In her petition for review, Sanchez raises three issues. We consider them in order.

First, Sanchez contends that the IJ erred in determining that she was ineligible for asylum given that she established the requisite well-founded fear of persecution on account of a statutorily protected ground, her opposition to the FARC. Responding, the Attorney General says that we lack jurisdiction to review the BIA's determination that Sanchez failed to timely file her asylum application or establish extraordinary or changed circumstances sufficient to excuse her untimely filing. The Attorney General is correct. INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D), divests this court of jurisdiction to review a BIA "decision regarding whether an alien complied with the one-year time limit [for filing an

application for asylum]or established extraordinary circumstances that would excuse his untimely filing." Mendoza v. U. S. Attorney General, 327 F.3d 1283, 1287 (203) (citing Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002)). We therefore dismiss Sanchez's petition to the extent it seeks review of the denial of her asylum application.

Second, Sanchez contends that she satisfied her burden of proof for withholding of removal under the INA. She maintains that the evidence demonstrates that the FARC is in control of over half of Colombia and may attack and kill her if she is forced to return.

"An alien seeking withholding of removal under the INA must show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza, 327 F.3d at 1287. "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Id. "If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the INS shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the

6

alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so." Id. "An alien who has not shown past persecution, though, may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country." Id. "An alien cannot demonstrate that he more-likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." Id.

"[T]he statute protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control." Sotelo-Aquije v. Slattery, 17 F.3d 33, 37 (2d Cir. 1994) (persuasive authority discussing INA § 208, 8 U.S.C. § 1158, the asylum statute). "Persecution on account of . . . political opinion . . . is persecution on account of the victim's political opinion, not the persecutor's." INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S. Ct. 812, 816, 117 L. Ed.2d 38 (1992) (internal quotations omitted). To qualify for withholding of removal based on persecution by a guerilla group on account of a political opinion, Sanchez must establish that the guerillas persecuted her or will seek to persecute her in the future because of her actual or imputed political opinion. See id. at 482-83, 112 S. Ct. at 815-16. It is not enough to show

7

that she was or will be persecuted or tortured due to her refusal to cooperate with the guerillas. See id. at 483, 112 S. Ct. at 816 (finding that persecution due to a refusal to join forces with the guerillas is not persecution on account of a political opinion); see also Grava v. INS, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion," but mixed-motive persecution may qualify if one of the motives is political) (persuasive authority); Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (finding that evidence consistent with acts of private violence or that merely shows that an individual has been the victim of criminal activity does not constitute evidence of persecution on a statutorily protected ground) (persuasive authority).

Our examination of the record in this case reveals no evidence establishing Sanchez's actual or imputed political opinion, much less any nexus between Sanchez's political opinion and the FARC's alleged persecution. In fact, the evidence is consistent with a finding that the FARC harassed Sanchez due to her refusal to cooperate with them, which is not enough to qualify for withholding of removal under the INA. See Elias-Zacarias, 502 U.S. at 483, 112 S. Ct. at 816. The BIA's denial of Sanchez's application for withholding of removal is therefore affirmed.

Third, Sanchez contends that she made out a case for CAT protection. We reject her contention as frivolous. To demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture. Sanchez presented no evidence on either point.

PETITION DISMISSED, in part; DENIED, in part.