[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13627
Non-Argument Calendar
_____

Agency No. A79-477-556

ANDRES JOSE PINEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 14, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Colombian citizen Andres Jose Pineda petitions for review of the Board of Immigration Appeals' (BIA's) order adopting and affirming the Immigration Judge's (IJ's) order denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c). We deny Pineda's petition.

Pineda contends his refusal to join forces with or cooperate in disseminating the ideas of the Revolutionary Armed Forces of Colombia (FARC), resulted in threats on his life, and these threats constituted persecution on the basis of his political opinion. He asserts he is only required to show it is "reasonable" to infer a nexus between his persecution and his political opinion, relying on *INS v. Cardoza-Fonseca*, 107 S. Ct. 1207, 1217 (1987). He contends the IJ failed to adequately consider the context of life in Colombia, and asserts the mere act of refusing to cooperate with the FARC is a "political" act, in that it involves the assertion of rights.

When, as here, the BIA issues a summary affirmance of the IJ's opinion, we review the IJ's opinion, not the BIA's decision. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). In reviewing the IJ's finding an alien has not established persecution on the basis of a protected ground, our task is not to determine whether the alien's inferences are reasonable; rather, our review is

2

limited to whether the IJ's decision was "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (citation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza*, 327 F.3d at 1287.

To establish asylum eligibility based on political opinion, the alien carries the burden to prove, with credible evidence, either (1) he suffered past persecution on account of his political opinion, or (2) he has a "well-founded fear" his political opinion will cause him to be persecuted. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005). "The asylum applicant must establish eligibility for asylum by offering 'credible, direct, and specific evidence in the record.'" *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (citation omitted). To qualify for withholding of removal or CAT relief, an alien must establish standards more stringent than those for asylum eligibility; thus, an alien unable to show his eligibility for asylum necessarily fails to show his eligibility for withholding of removal or CAT relief. *Zheng v. U.S. Att'y General*, 451 F.3d 1287, 1292 (11th Cir. 2006), *cert. denied*, __ S. Ct __ (U.S. Jan. 16, 2007) (No. 06-367).

To warrant reversal of the IJ's finding an alien has failed to demonstrate a sufficient nexus between his political opinion and his alleged persecution, we must

3

be compelled he will be persecuted "*because of*" his political opinion. *INS v. Elias-Zacarias*, 112 S. Ct. 812, 816 (1992) (emphasis in original). The fact the guerillas' actions are motivated by their political belief is "irrelevant" to the question of whether the *alien's* political belief was the reason he was persecuted. *Id.* at 815-16. In *Elias-Zacarias*, the Supreme Court held the record did not compel a finding of persecution on behalf of political opinion where the alien's family had refused to join guerrilla forces in their fight against the government because they (1) disagreed with the guerilla's anti-government cause, and (2) feared retaliation from the current government. *Id.* at 814-15. In the context of a claim for withholding of removal, we held an alien failed to demonstrate a sufficient nexus between her political opinion and her alleged persecution where the FARC threatened her for refusal to cooperate with them because she was "not in agreement with the way the FARC had destroyed the country." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 436-38 (11th Cir. 2004) (alteration omitted). We held "[i]t is not enough to show that [the alien] was or will be persecuted or tortured due to [the alien's] refusal to cooperate with the guerrillas." *Id.* at 438.

The record does not compel a finding of a nexus between Pineda's alleged persecution and his actual or imputed political opinion. First, Pineda did not provide evidence compelling a conclusion he suffered past persecution because of his political beliefs. He testified he was unsure why he was targeted, but

4

speculated it could have been due to his extensive social contacts or because the FARC heard about his presentation on Karl Marx. Additionally, the claim the FARC was motivated by a belief Pineda was sympathetic to and could assist them in disseminating their political views is irrelevant to the question of whether Pineda feared persecution "because of" *his* political opinion. *See Elias-Zacarias*, 112 S. Ct. at 815-16. Second, his testimony the FARC threatened him after he refused to cooperate does not compel the conclusion he has a well-founded fear of persecution because of his political beliefs. *See Sanchez*, 392 F.3d at 436-38. Additionally, contrary to Pineda's characterization, the Supreme Court in *Cardoza-Fonseca* noted simply that, to establish a "well-founded fear," an alien need only demonstrate a reasonable fear of persecution; that case did not hold an alien need only prove a "reasonable" inference of a nexus between his alleged persecution and political opinion. *See Cardoza-Fonseca*, 107 S. Ct. at 1217. Accordingly, the record does not compel a reversal of the IJ's decision.

In addition, Pineda has not established the more stringent standards for withholding of removal or CAT relief. *See Zheng*, 451 F.3d at 1292. The IJ's finding of insufficient nexus between Pineda's alleged persecution and political opinion is supported by substantial evidence, and we deny his petition for review.

**PETITION DENIED.**

5