[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 29, 2007
THOMAS K. KAHN
CLERK

No. 06-15569
Non-Argument Calendar

_____

Agency No. A97-391-539

RONG YING CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 29, 2007)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rong Ying Chen, a native and citizen of the People's Republic of China,

appeals a final order of the Board of Immigration Appeals, which affirmed an immigration judge's denial of her application for asylum and withholding of removal under the Immigration and Nationality Act.[1] On appeal Chen contends that substantial evidence did not support the BIA's order. However, Chen has not offered evidence to demonstrate that she was persecuted because of her membership in a particular social group or because of her political opinion. Therefore, we deny her petition.

## I.

Chen entered the United States on September 23, 2003, arriving at the Miami airport. She was interviewed by an agent from the Department of Homeland Security and gave a sworn statement that she was not in possession of any valid entry documents. The agent issued Chen a notice to appear before an IJ. Thereafter she filed an application for asylum and withholding of removal, claiming that a return to China would subject her to persecution or torture because of her political opinions and her membership in a particular social group.

At her immigration hearing, Chen testified that she had fled her home in rural China to avoid an arranged marriage to a man who was twenty years her

---

[1] Because Chen did not address CAT relief in her appellate brief, she has abandoned any arguments as to the issue, and we will not address it. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

senior. According to her account, Chen was beaten by her father when she told him that she did not want to marry the older man. When she tried to move out of her home, her father locked her up for three months. Next, according to Chen, she and her boyfriend tried to leave together, but her father caught them at a local bus station. He slapped her in public at the station. About two weeks later, she tried another escape with her boyfriend. This time, when her father found them, he beat her boyfriend. According to Chen, after the beating she promised her father that she would follow through on the arranged marriage. But she fled China on the day before the wedding. She first traveled to Ecuador and lived there for one year, working at a Chinese restaurant. But she departed Ecuador and flew to the United States after the Ecuadorian government began arresting illegal immigrants. After arriving in the United States, Chen telephoned her mother, who informed her that her father had promised to "break her legs" if she returned to China.

The IJ did not find Chen's testimony credible. He pointed out numerous discrepancies between the statements that Chen made in her sworn statement to the DHS agent, in her asylum application, and in her hearing testimony. The IJ further determined that even if Chen fled China to escape an abusive father and an unwanted marriage, neither her father's abuse nor her refusal to enter into an arranged marriage qualified her for relief under INA § 101(a)(42)(A).

3

Specifically, the IJ found no evidence that Chen had expressed a political opinion or that one had been imputed to her. He found no evidence that her father or the man she was supposed to marry wielded any influence over the Chinese government. Furthermore, the IJ found that Chen had not demonstrated that relocation to another part of China (1) was unfeasible and (2) would not resolve Chen's dilemma. And he did not find any evidence that the Chinese government was unwilling or incapable of protecting Chen from her father. Because she did not qualify for asylum, the IJ likewise found that she did not meet the higher burden of qualifying for withholding of removal under the INA or CAT.

In her brief, Chen contends that substantial evidence did not support the IJ's findings. She argues that the IJ misconstrued or misunderstood many of her statements and that some of her statements were mistranslated. Because of those errors, Chen argues that the IJ's findings were based upon faulty premises and, therefore, cannot be correct. The government responds that the IJ's order was based upon substantial evidence and that, in any event, Chen does not qualify for asylum or withholding of removal because she does not belong to a protected social group and did not suffer persecution because of her political opinion.

## II.

When the BIA summarily affirms the IJ's decision without an opinion, the

IJ's decision becomes the final order of removal subject to review. Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). To the extent the IJ's decision was based on a legal determination, our review is de novo. D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). However, factual determinations are reviewed under the substantial evidence test, and we "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283–84 (quotation marks omitted).

Either the Secretary of Homeland Security or the Attorney General may grant asylum to any alien who meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1). A "refugee" is defined as follows:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status." D-Muhumed, 388 F.3d at 818. To meet that burden the asylum applicant must demonstrate, with specific and credible evidence, (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear"

5

that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "The statute protects against persecution not only by government forces but also by non-governmental groups that the government cannot control." Sanchez v. United States Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004) (quotation marks omitted).

If she cannot show past persecution, the petitioner must demonstrate a well-founded fear of future persecution that is subjectively genuine and objectively reasonable. See Al Najjar, 257 F.3d at 1289. The well-founded fear of persecution must be attributable to one of the factors listed in INA § 101(a)(42)(A). See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S. Ct. 812, 816 (1992).

To qualify for withholding of removal an alien must show that it is more likely than not that if she were returned to her native country, her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); Mendoza, 327 F.3d at 1287. If an alien is unable to meet the well-founded fear standard for asylum, "[she] is generally precluded from qualifying for either asylum or withholding of [removal]." Al Najjar, 257 F.3d at 1292–93.

In her brief, Chen focuses on the IJ's credibility determination. But even if

6

we were to agree with Chen that the IJ's credibility determination is not supported by substantial evidence, it would be of no help to her. She has not established that any of her claimed injuries were inflicted because of her political opinion or her membership in an identifiable social group. See Elias-Zacarias, 502 U.S. at 483, 112 S. Ct. at 816. At best, the evidence indicates that she left China to avoid an abusive father and an unwanted marriage. There was no evidence that any hostilities were directed at her because of her political opinion, and there is no evidence that the government was unwilling or incapable of protecting her from her father's abuse. Additionally, there was no evidence showing that women in China who refuse to enter into arranged marriages have been singled out for persecution. Nor did she demonstrate that she could not avoid her father's abuse or the arranged marriage by relocating elsewhere within China. See Mazariegos v. United States Att'y Gen., 241 F.3d 1320, 1325–26 (11th Cir. 2001).

As Chen has not meet her burden for asylum, it follows she also did not meet the higher burden for withholding of removal. See Al Najjar, 257 F.3d at 1292–93. Therefore, the IJ's denial of withholding of removal is also supported by substantial evidence.

**PETITION DENIED.**

7