[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2007
THOMAS K. KAHN
CLERK

No. 07-10661
Non-Argument Calendar

_____

BIA Nos. A96-275-085 & A96-275-086

RAUL CLAUDIO MORAN,
ANALIA TELMA TARICCO DE MORAN,
ROCIO DEBORA MORAN,
GIMENA MARIEL MORAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 13, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Raul Claudio Moran, proceeding *pro se*, petitions this Court, along with his wife Analia Telma Taricco de Moran, and two daughters, for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge ("IJ")'s denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). After careful review of the record on appeal, we conclude that we lack jurisdiction to review Moran's asylum and CAT claims, and Moran and his family are not entitled to withholding of removal. Accordingly, we dismiss Moran's petition in part and deny it in part.

I.

We lack jurisdiction to review Moran's asylum and CAT claims because Moran failed to exhaust his administrative remedies with respect to both of these claims. *See* 8 U.S.C. § 1252(d)(1). Moran entered the United States in June 2001 after fleeing from Argentina. His wife and daughters arrived several months later in October 2001. Moran did not apply for asylum until January 2003. Moran stated in his application that he and his family were subjected to robberies, death threats and other acts of violence in retaliation for his work as an organizer and active member of a 600-member trade union of taxi drivers. He argues that he has established a well-founded fear of future persecution because he has been

2

identified by union opposition and police as an activist, and threatened multiple times. He states that others have been murdered after receiving similar threats.

In order to be eligible for asylum, one must apply for relief within one year after the date of arrival in the United States, unless there are special circumstances. *See* 8 U.S.C. § 1158(a)(2). The IJ found Moran's asylum application untimely and determined there were no extraordinary circumstances that would warrant an exception to the one-year time bar. Alternatively, the IJ analyzed the merits of Moran's asylum claim and determined that he failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected category. Because Moran failed to meet his asylum burden, the IJ ruled that Moran also failed to meet the requirements for withholding of removal and CAT relief. Moran did not challenge the IJ's determination regarding the timeliness of his asylum application or the IJ's conclusion that he was not entitled to CAT relief. Because Moran did not address these claims before the BIA, he failed to exhaust his administrative remedies with respect to these claims and we have no jurisdiction to review them, even if the BIA addressed them *sua sponte*.[1] *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006)

---

[1] Even if Moran had challenged the IJ's finding regarding the timeliness of his asylum application, we have no jurisdiction to review decisions regarding whether a petitioner met the one-year filing deadline or proved extraordinary circumstances excusing untimely filing. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

(per curiam). Accordingly, we dismiss Moran's petition for review to the extent he seeks review of his asylum and CAT claims.

II.

Because Moran failed to exhaust his asylum and CAT claims, the only issue properly before us is whether Moran is entitled to withholding of removal. "We review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In Moran's case, the BIA issued its own opinion without adopting any portion of the IJ's opinion.

The BIA affirmed the IJ's conclusion that Moran did not meet his burden of proof for withholding of removal under 8 U.S.C § 1231(b)(3). The BIA stated that Moran had experienced "past abuse and has described fears of future harm due to his involvement in a trade union for taxi drivers in the city of Rosario," Argentina. The BIA explained that Moran's "membership in a trade union would not qualify as membership in a particular social group under the Act inasmuch as it was within his power to change jobs." The BIA further found that Moran failed to demonstrate that the opposition to the union targeted him "on account of his political opinion, as opposed to his interference with their economic interests." The BIA also affirmed the IJ's determination that Moran could have avoided mistreatment by relocating within Argentina, a point which Moran has not

4

contested.

"To the extent that the BIA's decision was based upon a legal determination, [our] review is *de novo*." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). On the other hand, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). To qualify for withholding of removal under the INA, one must show that if he returns to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The applicant must demonstrate that it is more likely that not that he would be persecuted or tortured upon return to his country. *Mendoza*, 327 F.3d at 1287. The applicant must also demonstrate that the persecution he fears is, "at least in part, motivated by a protected ground." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). Moran asserts that the union opposition in Rosario persecuted him in the past and will target him upon his return because of his membership in a particular social group, his express political opinion, and his imputed political opinion based on his leadership role in the taxi drivers' trade union.

The BIA has defined "persecution on account of membership in a particular social group" as "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable

5

characteristic . . . that either is beyond the power of an individual to change or that is so fundamental to his identity or conscience that it ought not be required to be changed." *Matter of Acosta*, 19 I. & N. Dec. 211, 233-34 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987); *see also Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196-97 (11th Cir. 2006) (finding this definition reasonable), *cert. denied*, __ U.S. __, 127 S. Ct. 977, 166 L. Ed. 2d 709 (2007) (mem.). In this case, the BIA concluded that Moran is not part of a particular social group due to his participation in the taxi drivers' trade union because this characteristic is not immutable as he could change jobs at any time. Applying the appropriate deference to the BIA's interpretation of the INA on this issue, we hold that the conclusion that Moran's membership in a trade union does not constitute membership in a social group within the meaning of the INA is reasonable—i.e., the BIA's interpretation is neither arbitrary, capricious, nor clearly contrary to law. *See Castillo-Arias*, 446 F.3d at 1196-99 (explaining that the BIA's interpretation of the INA that noncriminal informants who work against the Cali cartel are not members of a particular social group deserves *Chevron*-deference); *see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44, 104 S. Ct. 2778, 2781-82, 81 L. Ed. 2d 694 (1984) (establishing a two-step process for reviewing an agency's interpretation of a statute it administers).

6

To qualify for withholding of removal on account of political opinion, the applicant must establish that his persecutors targeted him or will target him in the future because of his actual or imputed political opinion, not merely because of a lack of cooperation with the persecutors. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437-38 (11th Cir. 2004) (per curiam). The BIA found that the taxi owners' group targeted Moran because of his interference with their economic interests, not because of his political opinion. This finding is conclusive because the record does not compel a contrary result. *See* 8 U.S.C. § 1252(b)(4)(B).

Moran has not demonstrated that he has been or will be targeted "because of" his membership in a particular social group or his political opinion. *See* 8 U.S.C. § 1231(b)(3). While no one disputes that members of the union opposition attacked and intimidated him, Moran has not established that he was targeted on the basis of a protected ground. He has not fulfilled his burden of showing that upon his return to Argentina his life or freedom will more likely than not be threatened because he is part of a protected group. Consequently, Moran and his family are not entitled to withholding of removal.[2]

**DISMISSED IN PART; DENIED IN PART.**

---

[2] Even if Moran were eligible for withholding of removal, his wife and daughters would not qualify for withholding because the statute does not provide for derivative claims. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) (per curiam).