[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12043
Non-Argument Calendar

_____

Agency No. A98-706-353

HOLMES GUTIERREZ RUIZ,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 15, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Holmes Gutierrez-Ruiz, a native and citizen of Colombia proceeding

through counsel, seeks review of the Board of Immigration Appeals's ("BIA")

decision, affirming the Immigration Judge's ("IJ") order of removal and denial of

asylum, 8 U.S.C. § 1158, withholding of removal under the Immigration and

Nationality Act ("INA"), INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under

the United Nations Convention Against Torture and Other Cruel, Inhuman, or

Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R.

§ 208.16(c).[1]  Gutierrez sought asylum and withholding of removal on the ground

that he was threatened by members of the Revolutionary Armed Forces of

Colombia ("FARC"), based on a political opinion that was imputed to him when he

refused the FARC's extortion demands.

We review both the BIA decision and the IJ's decision which the BIA

appears to have adopted.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001).  Decisions based on a legal determination are reviewed  de novo.

Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001).  Factual

determinations are reviewed under the substantial evidence test, which requires us

to "view the record evidence in the light most favorable to the [IJ]'s decision and

draw all reasonable inferences in favor of that decision."  Adefemi v. Ashcroft, 386

F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).

---

[1] Gutierrez has abandoned his claim for CAT relief by not arguing it on appeal. See Sepulveda, 401 F.3d at 1228 n.2 ("[w]hen an appellant fails to offer argument on an issue, that issue is abandoned.").

An alien may receive asylum if he can carry the burden of proving that he is a "refugee," which is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail . . . [himself] of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) "Uncorroborated but credible testimony from the applicant may be sufficient alone to sustain the burden of proof for asylum or withholding of removal." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818-19 (11th Cir. 2004).

Accordingly, to be eligible for asylum, "the alien must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or (2) a 'well-founded fear' that [his] political opinion or any other protected ground will cause future persecution." Sepulveda, 401 F.3d at 1230-31 (citing 8 C.F.R. § 208.13(a) and (b)). We have recognized that an alien's imputed political opinion satisfies the requirement that persecution be based on a protected ground. Id. at 1289. To establish persecution by a guerilla group on account of a political opinion, the petitioner must establish that the guerillas persecuted him, or will seek to persecute him in the future, because of his actual or imputed political opinion. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th

3

Cir. 2004). "It is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." Id. "A showing of past persecution creates a presumption of a 'well-founded fear,' subject to rebuttal by the [government]." Sepulveda, 401 F.3d at 1231 (citing 8 C.F.R. § 208.13(b)(1)).

Withholding of removal may be granted if the alien establishes that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). If an alien does not establish past persecution, he bears the burden of showing that it is more likely than not that he will suffer persecution on the basis of a protected ground, and he would not be able to avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be reasonable to expect him to do so. 8 C.F.R. § 208.16(b)(2).

Upon review of the record, and consideration of the briefs of the parties, we find no reversible error. Substantial evidence supports the IJ's and the BIA's determination that Gutierrez did not establish past persecution or a likelihood of future persecution based on a protected ground because the guerilla threats alleged by him constituted only criminal extortion efforts, and were not based on an imputed political opinion or other protected ground. Essentially, Gutierrez'

4

testified that he believed that the FARC was demanding money from him and his company, Coca Cola, in the form of a tax, to pay for the existence of each of the trucks that the company had in the region and to support the guerillas. Gutierrez did not offer any evidence to show that the persecution that he faced was because of an imputed political opinion, as he did not: (1) assert what his imputed political opinion was; (2) establish that the FARC imputed a political opinion to him as a result of his unwillingness to pay them; or (3) show any causal connection between his political opinion and the persecution. Accordingly, we affirm the BIA's conclusion and deny the petition.

**PETITION DENIED.**