[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10556
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2009
THOMAS K. KAHN
CLERK

Agency No. A097-903-347

CHRISTIAN PARRA-REINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 23, 2009)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Christian Parra-Reina, a native and citizen of Colombia, seeks review of the

Board of Immigration Appeals' decision affirming the Immigration Judge's denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). Parra-Reina's real name is Christian Andres Tofino Morillo, and he fled to the United States under an assumed name after receiving death threats from a paramilitary organization known as the United Self-Defense Forces of Colombia (AUC).

Parra-Reina testified before the IJ that he had been the victim of identity theft perpetrated by AUC. AUC had used Parra-Reina's real name to open bank accounts and extort money from people. In 2003 Parra-Reina was arrested in Colombia on charges of extortion. He defended himself from those charges based on the fact that his fingerprints and handwriting samples did not match those used to open the bank account. He was temporarily released from prison, and then he and his mother received threatening phone calls. He testified that charges were still pending against him in Colombia, and he feared that if he returned there, he would be arrested and then killed by AUC members in prison.

The IJ found Parra-Reina's testimony credible. The IJ also found, however, that Parra-Reina was not being targeted because of his political opinion or any other immutable characteristic. Even though he claimed to have been witness to a

2

crime, he admitted that he did not know anything about the crime or about who had used his identity. The IJ also found that Parra-Reina failed to meet the requirements for withholding of removal and CAT relief.

In his appeal to the BIA, Parra-Reina contended that "the nexus of this case is not so much membership in a particular group as a 'witness to a crime,' as it would be as a 'victim of a crime.'" He asserted that he had a fear of persecution on account of political opinion, or in the alternative, imputed political opinion. The BIA held that Parra-Reina had failed to establish a nexus between any persecution and a protected ground, and it affirmed the IJ's decision.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. We review de novo the BIA's legal conclusions. Mohammad v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). We review the BIA and IJ's factual findings under the "substantial evidence" test. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). That test is "highly deferential," and we must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation marks omitted).

Parra-Reina contends that he is entitled to relief as a witness to a crime

3

because: (1) being a witness is immutable and the crime was publicized and thus socially visible; (2) the theft of his identity was a "paramilitary crime"; and (3) he had information to exonerate himself and to implicate AUC. Parra-Reina did not raise this "witness to a crime" argument before the BIA. In fact, he argued to the BIA that his membership in a protected group was based on being a victim of a crime rather than being a witness to one. Therefore, we lack subject matter jurisdiction to review that argument. Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider claims raised in a petition unless the petitioner has exhausted his administrative remedies by raising the claim on appeal before the BIA).

As for Parra-Reina's other grounds for seeking relief, being a victim of the crime of identity theft does not make him a member of a particular social group. Evidence that "merely shows a person has been the victim of criminal activity . . . does not constitute evidence based on a statutorily protected ground." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). Parra-Reina has not shown that he was victimized because of his political opinion. Persecution on account of political opinion must be on account of the victim's political opinion, not the persecutors'. Sanchez v. United States Att'y Gen., 392 F.3d 434, 437–38 (11th Cir. 2004). Evidence that AUC harassed Parra-Reina because he refused to cooperate with them is not enough to qualify for relief under the INA. See id. at

4

438.  The BIA's denial of asylum is supported by substantial evidence on the record considered as a whole.  See Forgue, 401 F.3d at 1286.  Because Parra-Reina "has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under CAT."  Id. at 1288 n.4.

**PETITION DENIED.**