[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14044
Non-Argument Calendar
_____

Agency No. A200-040-888

SHU WEN ZHU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 16, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Shu Wen Zhu, a native and citizen of China, seeks review of the Board of

Immigration Appeals' order affirming that he was removable under the

Immigration and Nationality Act and denying of his application for withholding of removal and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). According to Mr. Zhu, he fears he would be subject to forced sterilization and significant fines if returned to China based on his violation of the one-child policy.

Because the BIA agreed with the immigration judge's order and made additional observations, we review both decisions. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009) ("We review the decision of the Board, and we review the decision of the Immigration Judge to the extent that the Board expressly adopted the opinion of the Immigration Judge.") (internal quotation marks omitted). We review conclusions of law de novo and factual determinations, including findings of removability and credibility determinations, for substantial evidence. *See id.* at 1350–51; *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006). Under the substantial evidence test, we draw every reasonable inference in favor of the decision, and reverse a finding of fact only if the record compels reversal. *See Kazemzadeh*, 577 F.3d at 1351.

## I. Removability

Pursuant to INA § 212(a)(6)(A)(i), "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." *See* 8

2

U.S.C. § 1182(a)(6)(A)(i).  In removal proceedings, the alien bears the burden of proving by clear and convincing evidence that he was inspected and admitted to the United States with procedural regularity.  *See* INA § 240(c)(2)(B), 8 U.S.C. § 1229a(c)(2)(B); 8 C.F.R. § 1240.8(c).  *See also Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1345–46 (11th Cir. 2010).

Mr. Zhu initially admitted the allegations of removability, and his first application for adjustment of status indicated that he entered the United States without inspection on October 31, 1997.  He later sought to amend his position and testified that, with the assistance of a snakehead, he used someone else's passport to enter the United States with inspection on October 26, 1997.  Although the IJ concluded that the "more credible evidence" was that Mr. Zhu entered the United States without inspection, the IJ did not make a "clean determination[ ] of credibility."  *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (internal quotation marks omitted).  *See also id.* ("Though the IJ made a reference to Yang's claims as a 'ridiculous fabrication' and stated that her testimony was 'extremely inconsistent and [made] absolutely no sense whatsoever,' we are not persuaded that this was an explicit finding that Yang's testimony was not credible.") (alteration in original).  Because the IJ did not make an adverse credibility determination, we "accept [this] testimony as credible."  *Kazemzadeh*, 577 F.3d at 1354 (internal quotation marks omitted).

The IJ ultimately concluded that Mr. Zhu's testimony alone was insufficient to meet his burden of proof due to the lack of corroborative evidence. The IJ noted that Mr. Zhu could have subpoenaed the airline's records to show that he entered the United States under a different name on October 26, 1997, but he failed to do so.

As the BIA correctly noted, the IJ was not required to accept Mr. Zhu's version of events, even if credible, without corroboration. But "even under circumstances where corroboration may reasonably be expected, petitioners may meet their burden of proof by offering a believable and sufficient explanation as to why such corroborating evidence was not presented." *Diallo v. I.N.S.*, 232 F.3d 279, 289–90 (2d Cir. 2000). *See* INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."). Mr. Zhu attempted to do so here by explaining that DHS did not respond to his Freedom of Information Act request, and that the airline informed him that it did not keep records dating back to his time of entry. Neither the BIA nor the IJ addressed the sufficiency of Mr. Zhu's explanations for the absence of corroborating evidence.

Every circuit court to address the issue has held that "before the failure to

4

produce corroborating evidence can be held against an applicant, there must be explicit findings that (1) it was reasonable to expect the applicant to produce corroboration and (2) the applicant's failure to do so was not adequately explained." *Soeung v. Holder*, 677 F.3d 484, 488 (1st Cir. 2012). *Accord Omondi v. Holder*, 674 F.3d 793, 798 (8th Cir. 2012) (same); *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2001) (same); *Diallo*, 232 F.3d at 289–90 (same).  As the Seventh Circuit explained in *Hor v. Gonzales*, 421 F.3d 497, 500–01 (7th Cir. 2005, "an immigration judge's determination that if there were evidence to corroborate the alien's testimony the alien could and should have presented it is entitled to reasonable deference. The precondition to deference is that the immigration judge explain (unless it is obvious) why he thinks corroborating evidence, if it existed, would have been available to the alien."  Because the BIA and the IJ failed to make such findings here, we vacate the BIA's order and remand the matter for a determination of whether Mr. Zhu adequately explained his failure to provide corroboration.  *See Sanchez Jimenez v. U.S. Att'y Gen.,* 492 F.3d 1223, 1237 (11th Cir. 2007) ("[T]he general practice in this circuit is to remand when the IJ or BIA fails to make adequate findings or give reasoned consideration to all the evidence.") (internal quotation marks omitted).

## II. Withholding of Removal and CAT Relief

Mr. Zhu also challenges the BIA's order upholding the IJ's denial of his

application for withholding of removal and relief under the Convention Against Torture.[1]

In order to be eligible for withholding of removal, the applicant bears the burden of demonstrating that it is "'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). *See* INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A) ("[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."). Persecution is an "extreme concept" and requires "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (internal quotation marks omitted). Because Mr. Zhu did not allege past persecution, he is entitled to withholding of removal under the INA only "if he can demonstrate a future threat to his life or freedom on a protected ground in his country." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004) (internal quotation marks omitted).

To establish eligibility for CAT relief, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed

---

[1] On appeal, Mr. Zhu only presents arguments as to withholding of removal and CAT relief, and he has thus abandoned any challenges to the BIA's denial of his asylum claim. *See Sepulveda*, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

country of removal."  8 C.F.R. § 208.16(c)(2).  "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person for . . . any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  *Id.* § 208.18(a)(1).

Upon review of the record, we conclude that substantial evidence supports the denial of Mr. Zhu's application for withholding of removal and relief under the CAT.  To show an objectively reasonable, well-founded fear of persecution under China's one-child policy, an alien must show: (1) objective evidence of the details of the policy relevant to him; (2) a violation of the policy; and (3) the violation would be punished in the local area in a way that would give rise to an objective fear of future persecution.  *In re J-H-S-*, 24 I. & N. Dec. 196, 198–99 (B.I.A. 2007).  *See also Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1155 (11th Cir. 2014).

Although Mr. Zhu submitted materials indicating that family planning officials in some provinces in China used physical coercion to compel sterilization, there was evidence that Chinese law prohibits such tactics, and Mr. Zhu did not demonstrate that such tactics have been used in his province of Fujian.  For example, the articles submitted by Mr. Zhu indicate that forced sterilization of women has occurred, but do not discuss forced sterilization of men, and Mr. Zhu admitted that his wife would not be subjected to forced sterilization because she is

a United States citizen. Other submitted reports indicate that the extended family or husbands of those in violation of the policy could be punished, and that residents in Guangdong Province could be forced to pay a fine of up to six times the family's income, but Mr. Zhu offered no evidence establishing that he and his wife, who had children in the United States, would be in violation of the one-child policy in his province of Fujian. *See* A.R. at 539 ("It is not clear if children born outside of China are subject to the penalties set out in the Fujian family planning legislation."); A.R. at 298 ("To get around the one child policy, parents give birth abroad . . . . Depending on the place and the situation the fine [for having more than one child] can vary between $370 and $12,800."). *See also Wu*, 745 F.3d at 1155 ("Wu did not show the existence of a policy that counted U.S.-born children towards the number of children allowed under China's family planning policy."). Accordingly, the record does not compel the conclusion that it was more likely than not that Mr. Zhu would suffer persecution or torture, either in the form of forced sterilization or fines rising to the level of persecution, should he return to China.

Mr. Zhu's contention that the BIA dismissed his claims without any discussion or analysis of the evidence, and thus did not issue a reasoned decision, lacks merit. The BIA's opinion shows that it gave reasoned consideration to Mr. Zhu's petition and made adequate findings, as it discussed all of the IJ's

8

findings and wrote separately to address the issue of removability. It did not need to specifically address each piece of evidence presented. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011) ("Where the BIA has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented.") (internal quotation marks omitted).[2]

## III. Conclusion

For the foregoing reasons, we grant Mr. Zhu's petition as to the issue of removability, and deny Mr. Zhu's petition as to his claims for withholding of removal and CAT relief. We reverse the BIA's order as to removability and remand to the BIA for further proceedings consistent with this opinion.

**PETITION GRANTED IN PART, DENIED IN PART.**

---

[2] We lack jurisdiction to consider Mr. Zhu's argument that the IJ failed to issue a reasoned decision because he failed to raise it before the BIA. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) (requiring a petitioner to exhaust all available administrative remedies).