[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12779
Non-Argument Calendar
_____

Agency No. A201-236-248

LEONILO GUZMAN-HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 29, 2015)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Leonilo Guzman-Hernandez, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals's ("BIA") final order, affirming the

Immigration Judge's ("IJ") denial of his application for withholding of removal

based on a finding of no past persecution and of Petitioner's failure to establish

that he would more likely than not be persecuted upon his removal to Mexico.

After review, we deny the petition for review.

## I.  Factual Background

In August 2008, Petitioner illegally entered the United States without

inspection.  In July 2010, the Department of Homeland Security issued Petitioner a

notice to appear, charging him as removable pursuant to 8 U.S.C.

§ 1182(a)(6)(A)(i), for having entered the United States without being admitted or

paroled by an immigration officer.  Petitioner conceded that he was removable as

charged and filed an application for withholding of removal based on his

membership in a particular social group—homosexuals.

The IJ conducted a merits hearing on Petitioner's withholding of removal

application at which Petitioner testified as the only witness.  According to his

credible testimony, Petitioner's sexual orientation became readily apparent when

he was seven years old and, at this time, his parents began to mistreat him.  His

parents tried to change him by making him work on the family's small parcel of

farmland from 7:00 a.m. to 8:00 p.m. and only provided him with one meal a day.

His parents also beat him and were verbally abusive.  His half-brother and sister

also mistreated him by verbally harassing him.

When Petitioner was seven years old, an 18-year-old neighbor raped him. Petitioner never told anyone because he was ashamed, he thought his parents would beat him if they found out, and the neighbor threatened to beat and kill him if he said anything. Petitioner further testified that he had lived in the small, rural town of Tlamamala, Hidalgo, Mexico and the police in town "mistreated [him] with words." Petitioner's neighbors would tell him that he should not be gay and that he shamed his parents. Because of these statements by neighbors, his parents beat him. At school, Petitioner's classmates pushed him, but the teacher did not do anything about it.

When he was 18 years old, Petitioner moved to Monterrey, Mexico. Petitioner worked in five or six different restaurants, but he was fired from all of them when his sexual orientation was discovered. After living in Monterrey for two years, Petitioner returned to his hometown to work in the fields and financially support his parents. Petitioner lived with and was able to support his parents for seven years before coming to the United States. He decided to come to the United States because his parents continued to mistreat him despite the fact that he was supporting them financially.

After the hearing, the IJ denied Petitioner's application and ordered him removed to Mexico. The BIA affirmed the IJ's decision. Before this Court,

Petitioner does not dispute that he is removable as charged, but contends that the BIA erred in finding that Petitioner had not established that (1) his rape was on account of his sexual orientation; (2) the cumulative effect of the incidents he experienced amounted to past persecution, and (3) he would more likely than not be persecuted if returned to Mexico based on his sexual orientation.

## II.  Discussion

In a petition for review of a BIA decision, we review factual determinations under the substantial evidence test. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  Under the substantial evidence test, we draw every reasonable inference from the evidence in favor of the decision, and reverse a finding of fact only if the record compels a reversal. *Id.* at 1351.  We must affirm if the BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.*  The fact that the record may support a contrary conclusion is insufficient to reverse. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

To qualify for withholding of removal, an applicant must establish that his life or freedom would be threatened in his country of origin on account of the alien's race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A).  Homosexuals constitute a "particular social group." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 949 (11th Cir.

4

2010).  The applicant must demonstrate that he would "more likely than not" be persecuted upon being returned to his country of origin.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005).

An alien may satisfy his burden of proof for withholding of removal in two ways.  First, an alien may establish past persecution based on a protected ground.  *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004).  Past persecution creates a rebuttable presumption that his life or freedom would be threatened upon return to his country.  *See id.*  Second, if an alien does not show past persecution, he may still be entitled to withholding of removal if he establishes that it is more likely than not that he would be persecuted upon removal due to a protected ground.  *Id.*  An alien who has not established past persecution has the burden of showing that it would not be reasonable to relocate to another part of the home country to avoid persecution, unless the persecution is by the government or is government-sponsored.  8 C.F.R. § 208.16(b)(3)(i).

We will not reverse a finding that an applicant failed to demonstrate a nexus between the alleged persecution and a protected ground unless the evidence compels a conclusion that the applicant has been or will be persecuted "because of" the protected ground.  *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007).  Furthermore, evidence of acts of private violence or criminal

activity does not demonstrate persecution on a protected ground.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).

"[We have] held that persecution is an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation . . . mere harassment is not persecution."  *Ruiz v. Gonzales*, 479 F.3d 762, 766 (11th Cir. 2007) (internal quotation marks omitted).  We have concluded that threats in conjunction with brief detentions or a minor physical attack that did not result in serious physical injury do not rise to the level of persecution.  *See, e.g., Kazemzadeh*, 577 F.3d at 1353 (arrest, five-hour interrogation and beating, followed by four-day detention was not persecution); *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (36–hour detention, beating and threat of arrest was not persecution).

Fines or economic sanctions may constitute economic persecution if they cause a "severe economic disadvantage" to the alien subject to removal, considering his net worth, his sources of income, and the conditions of the local economy.  *Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1156 (11th Cir. 2014).  To satisfy this standard, the persecution must reduce the alien's standard of living to an "impoverished existence."  *Id.*

Here, substantial evidence supports the BIA's determination that Petitioner failed to establish past persecution based on his sexual orientation.  First, the evidence in the record does not compel a finding that Petitioner was raped because

6

of his sexual orientation.  Petitioner merely asks this Court to infer that the reason he was raped was because it was outwardly apparent to his assailant that he was gay.  However, this inference alone is insufficient to compel the conclusion that the BIA erred in finding that there was no nexus between Petitioner's homosexuality and rape.  *See Rodriguez Morales*, 488 F.3d at 890.

As to the remaining incidents Petitioner experienced allegedly on account of his sexual orientation, even when viewed cumulatively, these other incidents do not compel a finding that Petitioner was persecuted.[1]  Petitioner's testimony established that, while growing up, his parents beat him, deprived him of food, and made him work in the field for long hours, and members of his community—his neighbors, classmates, and the police—verbally harassed him because of his sexual orientation.  While Petitioner testified that these incidents occurred, his testimony does not reflect that this mistreatment was severe or persistent.  Moreover, any claim that this treatment was severe is undercut by his testimony that he voluntarily returned to live with and support his parents for seven years as an adult.  Therefore,

---

[1] We reject the Government's argument that Petitioner is arguing for the first time on appeal that the BIA was required to look at the cumulative effect of all the events he experienced in considering whether he had suffered past persecution, and thus, this Court is precluded from having jurisdiction to review this issue.  While Petitioner did not specifically use the phrase "cumulative effect" in his appellate brief to the BIA, that brief clearly reflects that Petitioner argued to the BIA that he established past persecution in light of the totality of the mistreatment he experienced growing up.  Accordingly, Petitioner exhausted his argument before the BIA, and thus, we have jurisdiction to review it.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner exhausted his administrative remedies with respect to that issue); 8 U.S.C. § 1252(d)(1) (providing that a court may not review a final order of removal unless "the alien has exhausted all administrative remedies available as of right").

7

when compared to our precedent, we cannot conclude that these incidents compel a finding that that these incidents were anything more than harassment. *See Kazemzadeh*, 577 F.3d at 1353; *Djonda*, 514 F.3d at 1174; *Ruiz*, 479 F.3d at 766.

Further, the record does not compel the conclusion that Petitioner suffered past economic persecution. While Petitioner testified about being fired from his jobs in Monterrey once it was discovered that he was gay, nothing reflects that his standard of living was reduced to an impoverished existence. *See Wu*, 745 F.3d at 1156. To the contrary, his testimony establishes that he supported his parents economically for seven years after he returned from Monterrey.

Substantial evidence also supports the determination that Petitioner failed to demonstrate a likelihood of future persecution based on his sexual orientation. Because Petitioner did not establish past persecution, there is no presumption that he would more likely than not be persecuted in the future. *See Sanchez,* 392 F.3d at 437. The 2010 and 2011 State Department Country Reports for Mexico reflected that while discrimination against homosexuals continued, society was becoming increasingly more accepting. In 2009, Mexico City legalized same-sex marriage and adoption, and in 2010, the Mexican Supreme Court ruled that all Mexican states were required to recognize gay marriages conducted in states that permitted gay marriage. Petitioner has pointed to no evidence to show that it would be unreasonable for him to relocate to Mexico City to avoid the alleged

8

mistreatment he fears in his hometown.  *See* 8 C.F.R. § 208.16(b)(3)(i) (providing that aliens, like Petitioner, who did not establish past persecution have the burden to show that they could not reasonably relocate within their home country to avoid persecution).  While the 2011 Country Report noted that two prominent activists in the lesbian, gay, bisexual, and transgender communities were killed, these isolated incidents are insufficient to compel a finding that Petitioner would more likely than not be persecuted in Mexico.  Accordingly, the BIA did not err in denying Petitioner's application for withholding of removal, and we deny the petition for review.

**PETITION DENIED.**


MARTIN, Circuit Judge, concurs in the result.