[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12231
Non-Argument Calendar
_____

Agency Nos. A99-547-750, A99-547-751

JUAN ALBERTO RUIZ-AYALA,
MARIA TERESA GUERRA-VIDALES,
JUAN CAMILO RUIZ-GUERRA,
DIANA MARIA RUIZ-GUERRA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 4, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Juan Alberto Ruiz Ayala and his family, natives and citizens of Colombia, petition this Court for review of the decision of the Board of Immigration Appeals that denied Ruiz's application for asylum under the Immigration and Nationality Act. 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16. The Board found that Ruiz failed to establish that he suffered past persecution on account of a protected ground. We deny the petition.

Substantial evidence supports the finding by the Board that Ruiz failed to establish that his persecution was on account of a protected ground. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Ruiz worked with a community organization to counsel youth against participation in guerilla activities, and he acknowledges that the guerillas threatened him and harmed his wife because his activities hampered their recruiting. "[E]vidence that . . . is consistent with . . . the petitioner's failure to cooperate with guerillas . . . does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006); Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437–38 (11th Cir. 2004). The record does not compel a finding of a connection between Ruiz's persecution and his political opinion.

We **DENY** Ruiz's petition for review.