[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11491
Non-Argument Calendar

_____

Agency No. A099-555-387

JOSE RICARDO BOTERO-BERMUDEZ,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 7, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Ricardo Botero-Bermudez seeks review of the Board of Immigration

Appeals's ("BIA") order dismissing his appeal from the immigration judge's ("IJ") denial of his asylum application, 8 U.S.C. § 1158. The BIA found that Botero did not meet his burden for asylum because he did not suffer past persecution or establish a well-founded fear of future persecution in Colombia.

On petition for review, Botero does not raise the issues of the BIA's denial of withholding of removal under the Immigration and Nationality Act ("INA"), INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Accordingly, Botero has abandoned those issues on appeal, and we will not review those issues. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that when an appellant fails to offer argument on an issue, that issue is abandoned).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's decision. Therefore, we only review the BIA's decision.

The BIA's factual determination that a removeable alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Att'y. Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Substantial evidence is a "highly deferential test," and we affirm if the decision is "supported by reasonable,

2

substantial, and probative evidence on the record considered as a whole." Forgue

v. U.S. Att'y. Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted).

We do not "reweigh the evidence from scratch." Id. We review "the record

evidence in the light most favorable to the agency's decision and draw all

reasonable inferences in favor of that decision." Id. (quotation omitted). A

"denial of asylum may be reversed only if the evidence presented by the applicant

is so powerful that a reasonable factfinder would have to conclude that the

requisite fear of persecution exists." Mazariegos, 241 F.3d at 1323-24. The fact

that evidence in the record may also support a conclusion contrary to the

administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft,

386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An alien who arrives in or is present in the United States may apply for

asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or

Secretary of DHS has discretion to grant asylum if the alien meets the INA's

definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . .
> and who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or
> political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the

burden of proving statutory "refugee" status.  Al Najjar, 257 F.3d at 1284.  To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was on account of a protected ground.  Silva v. U.S. Att'y. Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). In terms of past persecution, "persecution" is an extreme concept that requires "more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution."  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation and alteration omitted);  see Ruiz v. Gonzalez, 479 F.3d 762, 766 (11th Cir. 2007) (holding that the BIA must review the cumulative effect of an applicant's events to determine whether the events cumulatively amount to past persecution).  To establish past persecution on account of a political opinion, the applicant must show that the persecution was on account of the applicant's political opinion, not the persecutor's.  Sanchez v. U.S. Att'y. Gen., 392 F.3d 434, 437-38 (11th Cir. 2004) (citing INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992)).  An asylum applicant may prevail on a theory of "imputed political opinion" if he shows that

4

the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views. Al Najjar, 257 F.3d at 1289.

If an applicant establishes past persecution, he is presumed to have established a well-founded fear of persecution on the basis of the same claim. 8 C.F.R. § 208.13(b)(1). If the applicant's fear of future persecution is unrelated to past persecution, he bears the burden of establishing that the fear is well-founded. Id.

In this case, substantial evidence supports the BIA's finding that Botero-Bermudez did not have a well-founded fear of persecution. His claim is based on his past persecution but Botero-Bermudez fails to make the requisite showing of a well-founded fear of persecution. His detention and isolated harassing phone calls and letters do not rise to the level of persecution as defined in our precedent. Accordingly, we deny Botero-Bermudez's petition for review.

**PETITION DENIED.**