[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10136
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2010
JOHN LEY
CLERK

Agency No. A099-982-531


RAUL YANES-ESTEVEZ,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 29, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Raul Yanes-Estevez, a native and citizen of Guatemala proceeding *pro se*,

seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his request for withholding of removal pursuant to the Immigration and Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On appeal, Yanes-Estevez first argues that the IJ and BIA erred in denying him withholding of removal because he showed that gangs in Guatemala threatened him and killed his brother, at least in part because they were of indigenous ethnicity. Second, Yanes-Estevez argues that the agency erred in denying his request for CAT relief because he demonstrated that he will more likely than not be tortured by gangs if he returns to Guatemala. He argues that his torture would be with the acquiescence of the Guatemalan government, because the government cannot control the gangs in Guatemala and was unsuccessful in preventing or capturing his brother's killers.

After review of the record and the parties' briefs, we deny Yanes-Estevez's petition for review

## I. BACKGROUND

Yanes-Estevez, a native and citizen of Guatemala, entered the United States at an unknown time. (AR at 79–80, 210). On May 21, 2007, the Department of

Homeland Security initiated removal proceedings against Yanes-Estevez by serving a Notice to Appear ("NTA"), charging him as removable pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (AR at 210–11). On July 24, 2008, Yanes-Estevez submitted an application for asylum, withholding of removal, and CAT relief, based on membership in a particular social group. (*Id.* at 163–189). Yanes-Estevez noted that he was filing the application more than one year after arriving in the United States and conceded to the IJ that he was not eligible for asylum. (*Id.* at 172).

Yanes-Estevez belonged to a farmer's labor association in Guatemala from 1990 to 1995, during which time he planted crops for the association. (*Id.* at 89–90). From 1995 to 2002, he worked for a separate farmer's company. (*Id.* at 90). Yanes-Estevez testified that in 2001, he and other members of the farmer's association began receiving threats from gangs, "[b]ecause [they] worked for the farmers organization, and [the gangs] didn't accept that [they] worked as decent people." (*Id.*). In 2002, a gang contacted Yanes-Estevez and asked him to join them, but he refused. (*Id.* at 91). Yanes-Estevez's brother, Pedro, was beaten and shot to death on July 9, 2002. (*Id.*). Yanes-Estevez testified that he reported Pedro's death to the police, but they never investigated. (*Id.* at 92).

The IJ denied Yanes-Estevez withholding of removal and CAT relief.  (*Id.* at 102–103).  The IJ found that Yanes-Estevez was threatened by gang members and his brother was killed on account of their failure to join the gangs.  (*Id.* at 73).  Therefore, the IJ concluded that Yanes-Estevez failed to establish that "race, religion, nationality, membership in a particular social group, or a political opinion was or will be at least one central reason for any harm he fears may occur" because the gangs were not motivated by these grounds.  (*Id.* at 74–75).

Yanes-Estevez appealed to the BIA, arguing that substantial evidence failed to support the IJ's conclusion that there was not a nexus between the persecution he and his family suffered and a protected ground.  (*Id.* at 22–26, 57).  The BIA affirmed the IJ's final order and dismissed Yanes-Estevez's appeal.  (*Id.* at 3–4).  The BIA concluded that Yanes-Estevez failed to establish past persecution or a clear probability of persecution or torture in Guatemala by criminal gangs and affirmed the IJ's legal conclusions.  (*Id.* at 3).

## II. STANDARD OF REVIEW

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  In this case, the BIA agreed with the reasoning of the IJ and affirmed for "the reasons stated by the Immigration Judge."

4

Therefore, we will review both the IJ's and the BIA's decisions. *See id.*

We review the BIA's conclusions of law *de novo*, but review findings of fact for substantial evidence to support them. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009) (citation omitted). "Our review for substantial evidence is highly deferential," and we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1351 (citation and quotation omitted). We will only reverse the agency's decision if evidence would "compel[ ] a reasonable fact finder to find otherwise." *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290 (11th Cir. 2006) (per curiam) (citation and quotation omitted).

### III. DISCUSSION

*A. Withholding of Removal*

Under the INA, an alien seeking withholding of removal must show that his "life or freedom would be threatened in [his] country [of origin] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). Withholding of removal "protects against persecution by government forces" and "by nongovernmental groups that the government cannot control." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004) (per curiam) (citation and quotation

5

omitted). To establish eligibility for withholding of removal, the burden of proof lies with the alien. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006) (citation and quotation omitted). An alien can meet this burden by demonstrating that he was or will be singled out for persecution on account of a protected ground in two ways. *Id*.

First, an alien may establish past persecution based on a protected ground. *Id.* (citation omitted). Past persecution creates a rebuttable presumption that the alien's "life or freedom would be threatened in the future in the country of removal on the basis of the original claim" and shifts the burden to the government to show changed conditions in the country or the ability to avoid a future threat through relocation. 8 C.F.R. § 208(b)(1).

Second, an alien may establish that it is more likely than not that he will be persecuted upon removal due to a protected ground. *Tan*, 446 F.3d at 1375 (citation omitted). An alien must show that he would be singled out individually for persecution, or alternatively show a "pattern or practice" in his country of "persecution of a group of persons similarly situated" on account of a protected ground, and a reasonable fear of persecution based on his inclusion in that group. 8 C.F.R. § 208.16(b)(2)(i) and (ii).

To establish eligibility for withholding of removal, an alien must also

establish a nexus between a statutorily protected ground and the persecution. *See*

*Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230–31 (11th Cir. 2005) (per

curiam). To warrant a reversal of a finding that an alien failed to demonstrate a

sufficient nexus between the alleged persecution and a protected ground, "we must

be compelled to find that an alien will be persecuted '*because of*'" a protected

ground. *Rodriguez Morales v. U.S. Att'y. Gen.*, 488 F.3d 884, 890 (11th Cir.

2007) (per curiam) (quoting *INA v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct.

812, 816 (1992)). Further, under the REAL ID Act of 2005, which applies to all

applications for asylum or withholding of removal filed after May 11, 2005, the

alien petitioner must demonstrate that one of the protected grounds "was or will be

at least one central reason for persecuting the applicant." INA § 208(b)(1)(B)(i), 8

U.S.C. § 1158(b)(1)(B)(i) (as amended by § 101(a)(3) of the REAL ID Act of

2005, Pub. L. No. 109-13, 119 Stat. 231, 303 (2005)).

In this case, the BIA concluded that Yanes-Estevez failed to establish past

persecution or a clear probability of persecution by criminal gangs on account of a

protected ground. (AR at 3). Substantial evidence supports this finding, as the

record does not compel the conclusion that Yanes-Estevez was persecuted because

of a protected ground, or that it was more likely than not that he would be

persecuted upon removal because of a protected ground. *Tan*, 446 F.3d at 1375

7

(citation and quotation omitted).

Yanes-Estevez asserts that as an indigenous Guatemalan and member of a farmer's organization he was persecuted by the gangs on account of his ethnicity and/or membership in a social group. *See* INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1158(b)(1)(B)(i). This is not the case, as Yanes-Estevez stated in his asylum application that he was afraid to return to Guatemala because he believed the gangs would kill him to prevent him from obtaining revenge or assistance from the government to arrest the gang members responsible for his brother's murder. (AR at 169). This is not substantial evidence to show that he will be singled out for persecution on account of a protected ground. Yanes-Estevez also testified that the gang members threatened him and his brother because "they worked for the farmer's organization;" however, these threats had nothing to do with their race or ethnicity, but rather with their lifestyle, which differed from being in a gang. (AR at 90). The record does not compel a finding that the gangs targeted Yanes-Estevez or his brother because they were indigenous.

Instead, the BIA and IJ found that the gang members threatened him and killed his brother because they refused to join the gang, and substantial evidence supports this finding. (AR at 92, 98). The Supreme Court and this Court have

8

repeatedly held that a petitioner's refusal to cooperate with or join a guerilla group alone is insufficient to satisfy the nexus requirement. *See Elias-Zacarias*, 502 U.S. at 481–82 (refusal to join guerilla forces); *Rodriguez Morales*, 488 F.3d at 890–91 (citation omitted) (refusal to provide medical services to guerillas); *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 821–22 (11th Cir. 2007) (citation omitted) (refusal to pay war taxes demanded by guerillas); *Sanchez*, 392 F.3d at 438 (citation omitted) (refusal to meet and cooperate with guerillas). Furthermore, "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerrillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (per curiam) (citation omitted).

Yanes-Estevez also failed to establish a "pattern of practice" of persecution against indigenous people or those belonging to farmers' associations. 8 C.F.R. § 208.16(b)(2)(i) and (ii). He argues that the record shows the Guatemalan government previously attacked indigenous people, and that they currently discriminate against the indigenous population. However, the record also indicates that the Guatemalan government stopped the practice of attacking indigenous people in 1996, has increased its efforts to crack down on gangs, and

9

that any discrimination that might exist today does not rise to the level of persecution.[1] (*See* AR at 117–18, 131); *see also Zheng*, 451 F.3d at 1291 (citation and quotation omitted).

Lastly, Yanes-Estevez argues that the IJ violated his rights under the Due Process Clause of the Fifth Amendment when it interpreted BIA precedent to foreclose any claim for withholding of removal raised by an alien who was persecuted by gangs. Due process requires aliens to be given notice and an opportunity to be heard, and in order to prove deprivation of liberty, an alien must show that this requirement has been violated. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (citations omitted). Here, the IJ permissibly relied on BIA precedent to support its conclusion that Yanes-Estevez was not entitled to withholding of removal. *See* 8 C.F.R. § 1003.1(d)(1). The IJ did not find that BIA

---

[1] Yanes-Estevez alternatively argues that we should adopt the Ninth Circuit's decision in *Sael v. Ashcroft*, which utilized a "disfavored group" test. 386 F.3d 922, 925 (9th Cir. 2004). Under the "disfavored group" test, asylum applicants are eligible for relief if they establish membership in a group that is disfavored "and an individualized risk of being singled out for persecution." *Id.*

*Sael* is only persuasive, not controlling authority, and this Court has not adopted this test. Further, the First, Third, and Seventh Circuits have rejected the Ninth Circuit's "disfavored group" test in published opinions. *See Kho v Keisler*, 505 F.3d 50, 55 (1st Cir. 2007); *Firmansjah v. Gonzales*, 424 F.3d 598, 607 n.6 (7th Cir. 2005); *Lie v. Ashcroft*, 396 F.3d 530, 538 n.4 (3d Cir. 2005). However, even if we adopted the "disfavored group" theory, Yanes-Estevez's withholding claim would still fail because, while he produced evidence that indigenous persons were discriminated against in Guatemala, he failed to produce any evidence that he faced an individualized risk of persecution because of his ethnicity or membership in a social group. *Sael*, 386 F.3d at 925–27.

precedent forecloses any claim for withholding of removal, but rather noted that the precedential BIA opinions were "on point in this case." (AR at 74).

Because substantial evidence supports the agency's conclusion that any persecution Yanes-Estevez suffered or would suffer in the future would be on account of his refusal to join or cooperate with gangs, and not based on a protected ground, the agency correctly concluded that he was ineligible for withholding of removal.

*B. CAT Relief*

To qualify for CAT relief, the applicant carries the burden of proof to "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1239 (11th Cir. 2007) (citation and quotation omitted). Torture is the intentional infliction of "severe pain or suffering, whether physical or mental." *See* 8 C.F.R. § 208.18(a)(1). Moreover, to obtain CAT relief, the alien must demonstrate that the torture would be inflicted by the government or with the government's acquiescence. *See Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (citation omitted). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal

responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7).

In this case, substantial evidence supports the agency's decision that the record does not demonstrate that it is more likely than not that the Guatemalan government would acquiesce in torturing Yanes-Estevez if he returned to Guatemala. (AR at 75). The IJ found that the Guatemalan government did not acquiesce in gang violence, as supported by the record, which indicates that the Guatemalan police force is aggressively trying to stop gang violence through policies such as mass detention of gang members. *Id.* Where a government actively combats a non-governmental group, that the government is not entirely successful in its efforts does not amount to acquiescence in the group's activities. *See Reyes-Sanchez*, 369 F.3d at 1243 (citation omitted). Similarly, a government's failure to catch a persecutor after the fact is not acquiescence in the harm.

Yanes-Estevez also argues that the IJ erred by failing to consider explicitly the reports he submitted detailing the human rights violations that had occurred in Guatemala. This Court, however, does not require an IJ to specifically address each piece of evidence that the petitioner presented if the IJ, as in this case, gave reasoned consideration and made adequate findings. *Tan*, 446 F.3d at 1374 (citation omitted).

Therefore, the BIA and IJ did not err in denying Yanes-Estevez's request for

CAT relief.  Upon review of the record on appeal and consideration of the parties'

briefs, we deny the petition for review.

**PETITION DENIED.**