[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12962
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2011
JOHN LEY
CLERK

Agency No. A097-969-917

QI FU LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 3, 2011)

Before DUBINA, Chief Judge, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Qi Fu Lin, a citizen of the People's Republic of China ("China")

appearing through counsel, seeks review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Lin argues that in reaching its adverse credibility finding, the BIA erred by relying on the fact that his application and statement did not mention that family planning officials beat him after he protested his wife's involuntary late-term abortion and sterilization although he testified that he was beaten. He also contends that the BIA erred in relying on his wife's sterilization certificate, which indicated that they had two children, not one, as he had testified and other documents confirmed. Lin further argues that, even if he did not establish that he was beaten, the BIA erred in finding that the evidence was insufficient to establish "other resistance" to China's coercive population control program. He also argues that the BIA, in determining that his suffering did not rise to the level of persecution, failed to consider the totality of the mistreatment he endured.

I.

When the BIA issues its own opinion, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009). Here, because the BIA issued

2

its own opinion upholding the IJ's decision and added its own analysis without expressly adopting the IJ's opinion, we review only the BIA's decision. *See id.*

We review *de novo* conclusions of law by the BIA. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Factual determinations, including credibility ones, are reviewed under the substantial evidence test, which requires us to affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quoting *Al Najjar v Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Under this "highly deferential" standard of review, an administrative factual finding can be reversed only if the record "compels" a contrary conclusion. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027-28 (11th Cir. 2004) (*en banc*).

An asylum applicant bears the burden of showing, with specific and credible evidence, either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Forgue*, 401 F.3d at 1286-87. Persecution is an extreme concept, and we have held that a single beating did not constitute past persecution or give rise to a well-founded fear of future persecution because the applicant only suffered minor injuries, in the form of bruising. *See Djonda v. U.S. Att'y Gen.*,

3

514 F.3d 1168, 1174 (11th Cir. 2008).

To qualify for withholding of removal under the INA, an alien must satisfy the more stringent standard of demonstrating that it is "more likely than not that [he] will be persecuted or tortured upon being returned to [his] country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (internal quotation marks omitted). Likewise, CAT relief demands a showing that it is more likely than not that an alien will be tortured in his home country by or with the acquiescence of the government. *Sanchez v. U.S. Atty Gen.*, 392 F.3d 434, 438 (11th Cir. 2004). Moreover, if an applicant is unable to meet the well-founded fear standard for asylum, "he necessarily fails to establish eligibility for withholding of removal or protection under CAT." *Forgue*, 401 F.3d at 1288 n.4.

An adverse credibility determination alone may be sufficient to support a denial of asylum or withholding of removal, especially if the alien fails to produce corroborating evidence. *Kueviakoe*, 567 F.3d at 1304-05. Once an adverse credibility determination is made, the burden is on the applicant "to show that the credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* at 1305 (internal quotation marks omitted). We have recognized that omissions from an application can support an adverse credibility finding. *See Forgue*, 401 F.3d 1287-88 (upholding adverse credibility finding

where, prior to a removal hearing, the applicant never mentioned that he had been an election monitor and prevented a certain party from committing election fraud or that he had been attacked with acid and party members had severely beaten his son).

With respect to coercive family planning, section 101(a)(42)(B) of the INA provides asylum eligibility for the following persons:

> [A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, *or who has been persecuted for* failure or refusal to undergo such a procedure *or for other resistance to a coercive population control program*, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B) (emphasis added).

We recently decided that this provision "does not confer automatic refugee status on an individual merely because his . . . spouse . . . underwent a forced abortion or sterilization. Rather, the person who did not physically undergo the forced procedure, or is not subject to a well-founded fear of one, *must establish actual persecution for resisting* a country's coercive family planning policy, or a well-founded fear of future persecution for doing so." *Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1332-33 (11th Cir. 2009) (internal quotation marks and citation

5

omitted) (emphasis added). "Resistance" that could confer refugee status on a spouse includes "expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family law." *Id.* at 1334 (internal quotation marks omitted).

Our review of the record persuades us that substantial evidence supports the BIA's adverse credibility finding. The application for asylum specifically asked Lin whether he or a family member ever experienced harm or mistreatment by anyone. In response, he only mentioned the abortion and his wife's sterilization. If his failure to include in his answer any mention of the beating he allegedly endured at the hands of the birth policy cadres was an oversight, as he suggested in his testimony, he could have amended his application to include that crucial information, but he did not. Moreover, his application indicated that he feared future persecution based on his having left China without official permission. He said nothing about fearing retaliation for having argued with population control officials. Additionally, the discrepancy between Lin's contention and the sterilization certificate concerning how many children he had calls into question his veracity. As such, the BIA had specific and cogent reasons for discrediting Lin's testimony. *See Kueviakoe*, 567 F.3d at 1305.

6

For these reasons, substantial evidence supports the BIA's adverse credibility finding. In turn, the lack of credible testimony was sufficient to support the BIA's denial of Lin's application for asylum, withholding of removal, and CAT relief. *See id.* at 1304-05 (noting that an adverse credibility determination alone may be sufficient to support a denial of asylum or withholding of removal, especially where there is a lack of corroborating evidence). Excepting Lin's testimony and his aunt's affidavit confirming Lin's account of the beating, the documentary evidence in the record neither supports nor compels the conclusion that he was persecuted or that he has a well-founded fear of future persecution on account of his resistance to China's coercive population control program.

Moreover, even if Lin's testimony was credible, substantial evidence supports the BIA's alternative finding that Lin failed to meet his burden of proof. First, the single beating incident, which although it allegedly left a scar, did not require hospitalization, and Lin was able to conceal his injuries from his wife, all of which suggests that the beating was not severe. *See Djonda*, 514 F.3d at 1174. Second, he presented no evidence to support his contention that he sought medical treatment following the incident. Third, regarding his well-founded fear claim, there is no evidence that the authorities were looking for him or threatened him with punishment or sterilization upon his return. In fact, the evidence suggests

7

that Lin resided safely in China for 12 years following the beating incident. By his own account, both in his application and during his testimony, Lin's fear of persecution is based on his having unlawfully left the country in 2003, which, by itself, is not a basis for asylum. At the merits hearing, Lin mentioned the beating incident only after being arguably prompted by his counsel. Finally, Lin concedes that his wife's sterilization does not afford him automatic refugee status. *See Yu*, 568 F.3d at 1332-33. In sum, we conclude that Lin failed to establish actual persecution for resisting China's coercive family planning policy or a well-founded fear of future persecution for doing so. *See id.*

Lin has thus failed to establish eligibility for asylum and, by extension, to satisfy the more stringent burdens for withholding of removal and CAT relief. *See Forgue*, 401 F.3d 1281, 1288 n.4 (noting that a failure to establish eligibility for asylum on the merits necessarily equates to ineligibility for withholding of removal and CAT relief). As the record does not compel the conclusion that the BIA's decision should be reversed, we deny Lin's petition for review.

**PETITION DENIED.**

8