[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15923
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

Agency No. A079-417-097


ALI HASSAN JASEM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 17, 2011)

Before EDMONDSON, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Ali Hassan Jasem, a Shi'a Muslim and a native and citizen of Iraq, petitions

for review of the Board of Immigration Appeals's ("BIA") denial of his second

motion to reopen removal proceedings on the basis of changed country conditions in Iraq. On appeal, Jasem argues that the BIA erred in concluding that there were insufficient changed country conditions in Iraq by ignoring evidence of increased violence along with a simultaneous decrease in security.

We review the denial of a motion to reopen an immigration petition for an abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

An alien may file one motion to reopen removal proceedings and generally must file the motion within ninety days of the date of the BIA's final administrative removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, these time and numerical limitations do not apply where (1) the motion seeks asylum, withholding of removal, or CAT relief; (2) the motion is based on changed country conditions; and (3) the evidence of changed conditions is material and "was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see 8 C.F.R. §§ 1003.2(c)(3)(ii) and 1003.23(b)(4)(i); Jiang, 568 F.3d at 1256. Proving that evidence is material is a "heavy burden" because an alien seeking to reopen removal proceedings on the basis of changed country conditions must demonstrate

2

"that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256-57.

To establish eligibility for asylum or withholding of removal, "an applicant must establish that [he] has a well-founded fear that [he] will be persecuted if removed to [his] home country on account of race, religion, nationality, membership in a particular social group, or political opinion." Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374 (11th Cir. 2007); 8 U.S.C. §§ 1101(a)(42), 1158(b)(1), and 1231(b)(3). To qualify for CAT relief, an applicant must demonstrate that it is "more likely than not" that he will be tortured upon his return to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). We have stated that private acts of violence, general criminal activity, and purely personal retribution do not qualify as persecution based on a statutorily protected ground. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006); Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Moreover, we have held that noncriminal informants do not constitute a particular social group under the INA. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1197-98 (11th Cir. 2006). Nor does asylum eligibility extend "to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1328 (11th Cir. 2001) (quotation marks omitted).

Upon review of the record and consideration of the parties' briefs, we find that the BIA did not abuse its discretion in denying Jasem's second motion to reopen. First, because the BIA adequately reviewed Jasem's motion and the evidence of changed country conditions that he filed in support, the BIA did not act arbitrarily or capriciously. See Jiang, 568 F.3d at 1258. Second, Jasem's second motion to reopen was untimely and number-barred, because it was filed four years after the BIA's final order of removal but did not demonstrate changed country conditions in Iraq that were material and could not have been discovered at the time of the removal proceedings. See id. at 1256. Rather, while Jasem's evidence showed ongoing general violence stemming from the government's transition, he did not demonstrate increased violence specifically directed at individuals similar to him. See Mazariegos, 241 F.3d at 1328 ("the INA does not extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." (quotation marks omitted)).[1] As such, he failed to demonstrate that the "new evidence would likely

---

[1] To be sure, Jasem testified that an alien smuggler asserted a personal vendetta that constitutes a direct and targeted threat. However, purely personal retribution and private acts of violence do not qualify as persecution based on a statutorily protected ground, and, even as a noncriminal informant for the United States, Jasem would not fall within a particular social group. See Ruiz, 440 F.3d at 1258; Sanchez, 392 F.3d at 438.

change the result in his case," <u>Jiang</u>, 568 F.3d at 1257, and consequently the agency did not abuse its discretion in this denying relief.

**PETITION DENIED**.