[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11016
Non-Argument Calendar
_____

Agency No. A202-133-838

VILMA YOLANDA SANCHEZ-SAMAYOA,
FELIPE AVIDIEL SANCHEZ-SAMAYOA,
ANDERSON DENNIS ENRIQUEZ-SANCHEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 6, 2018)

Before MARCUS, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Vilma Sanchez-Samayoa seeks review of the final order of the Board of Immigration Appeals (BIA), which affirmed the Immigration Judge's (IJ) denial of her application for asylum.  Before the agency, she argued that she had a well-founded fear of persecution on account of her membership in a particular social group.[1]  She now argues that both the IJ and the BIA erred because they should have considered whether her fear of future persecution was on account of the protected ground of political opinion.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

We review de novo our subject matter jurisdiction.  *Ruiz*, 479 F.3d at 765. We lack jurisdiction to review final orders in immigration cases unless the person subject to removal "has exhausted all administrative remedies available" to him or her.  8 U.S.C. § 1252(d)(1).  If a petitioner has failed to exhaust her administrative remedies by not raising an issue in her notice of appeal or appeal brief before the BIA, we lack jurisdiction to consider the claim.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  To properly raise a

---

[1] She admits on appeal that "she did not establish a particular social group for the purpose of asylum." Blue Br. at 13.

claim before the BIA, the petitioner must raise an issue to the BIA in a manner that permits the agency a "full opportunity" to consider the claim and compile a record adequate for judicial review. *Id.*

Here, the petitioner's BIA Notice of Appeal and BIA brief both relied upon the "social group" argument, and did not proffer the "political opinion" argument. As expected, the BIA's opinion does not respond to the "political opinion" argument, because the Board was never presented with it. As noted, on appeal to this court, she abandons the "social group" argument, and instead asserts only the "political opinion" argument. We lack jurisdiction to review this claim because she did not exhaust it before the BIA, and, regardless, we will not fault the BIA for its "failure to intuit" an argument not made by the petitioner. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 802 (11th Cir. 2016); *see also* 8 U.S.C. § 1252(d)(1).[2]

**PETITION DISMISSED.**

---

[2] Even if we were to reach the merits, we have already held that "a finding that [a group] harassed [a petitioner] due to her refusal to cooperate with them . . . is not enough to qualify for withholding of removal under the INA." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (per curiam).