[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14564
Non-Argument Calendar
_____

Agency No. A087-923-836

ASHOK KUMAR GANDALAL PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

(November 5, 2018)

Before TJOFLAT, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Ashok Kumar Gandalal Patel seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his claims for asylum and withholding of removal. The IJ concluded that the mistreatment Patel suffered in India did not rise to the level of persecution and was not motivated by his political opinions. Patel now challenges this decision for lack of substantial evidence. Because substantial evidence supports the BIA's decision, we deny Patel's petition.[1]

I.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

We review the agency's factual determinations under the highly deferential substantial-evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc). Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1027 (quoting *Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001)). We view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Id.* Factual findings may be reversed "only when the record compels a reversal;

---

[1] Because we write for the parties, we set out only what is necessary to explain our decision.

2

the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* (citation omitted).

## II.

The Attorney General may grant asylum to an alien who meets the definition of a "refugee" under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

*Id.* § 1101(a)(42)(A). The applicant bears the burden of proving that he is a refugee. *Id.* § 1158(b)(1)(B)(i). The applicant must demonstrate that he (1) was persecuted in the past on account of a protected ground or (2) has a well-founded fear that he will be persecuted in the future on account of a protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam). "To establish asylum based on past persecution, the applicant must prove (1) that he was persecuted, and (2) that the persecution was on account of a protected ground." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (alteration omitted) (quoting *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006)).

3

Persecution is an "extreme concept" that requires more than mere harassment or "a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (quoting *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000)). In determining whether the petitioner has suffered persecution, we evaluate the cumulative harm suffered by the petitioner. *Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1235 (11th Cir. 2013). "Not all exceptional treatment is persecution." *Gonzalez*, 212 F.3d at 1355. For example, in *Ruiz v. U.S. Attorney General*, we held that there was past persecution where the petitioner received threatening phone calls, was beaten on two separate occasions, and was kidnapped for eighteen days, during which he was severely beaten. 479 F.3d at 763–64, 66. Likewise, in *Mejia v. U.S. Attorney General*, we held that the petitioner suffered past persecution where he suffered attempted attacks over 18 months, culminating in a roadside assault at gunpoint that left him with a broken nose. 498 F.3d 1253, 1257–58 (11th Cir. 2007).

In addition to proving persecution, the petitioner must also show that the statutorily protected ground[2] was "one central reason" for any past or future persecution. *See* 8 U.S.C. § 1158(b)(1)(B). Purely personal retribution is not persecution on account of political opinion. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437–38 (11th Cir. 2004) (per curiam). Evidence that is consistent with acts of

---

[2] These grounds are "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i).

private violence or that merely shows that a person has been the victim of criminal activity does not constitute evidence of persecution based on a statutorily protected ground.  *Id.*

Patel sets forth two grounds to establish past persecution: (1) the February 2009 beating in Gujarat; and (2) the threats Patel's mother received from his alleged attackers.

Although we disagree with the BIA's conclusion that the beating and threats were not motivated by Patel's political opinion, his asylum claim ultimately fails because the level of harassment Patel faced falls short of persecution.  The beating Patel suffered resulted only in swelling, bruising, and tenderness on his torso, for which he was advised merely to rest.  Even combined with the occasional threats made to Patel's mother, this mistreatment falls far short of the persecution petitioners experienced in cases like *Ruiz* and *Mejia*.  Indeed, it even falls short of the mistreatment petitioners experienced in cases where we held there was no persecution.  *See, e.g.*, *Kazemzadeh*, 577 F.3d at 1353 (concluding that no persecution occurred where petitioner was arrested, interrogated, and beaten for five hours, detained for four days, and subsequently monitored by Iranian authorities); *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287 (11th Cir. 2006) (per curiam) (concluding that no persecution occurred where petitioner was fired from his job, dragged by his arms to a detention center, detained for five days, forced to watch

5

reeducation videos, and forced to sign a pledge not to practice his religion).  Thus, we conclude that substantial evidence supports the BIA's determination that Patel did not suffer past persecution.

Even though Patel failed to show past persecution, he could still have qualified for asylum if he had proved a well-founded fear of future persecution. *See Ruiz*, 440 F.3d at 1257.  However, because he did not raise this argument in his brief on appeal, Patel has abandoned any challenge to the BIA's contrary finding. *See Sepulveda*, 401 F.3d at 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned.").  And because he has failed to demonstrate persecution for his asylum claim, Patel's claim for withholding of removal under 8 C.F.R. § 208.16(b) necessarily fails.  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004) (noting that the standard for withholding of removal is "more stringent than the 'well-founded fear' standard for asylum").[3]

### III.

For the foregoing reasons, we hold that the BIA's decision denying asylum and withholding of removal is supported by substantial evidence.

**PETITION DENIED.**

---

[3] Patel also initially requested withholding of removal under the Convention Against Torture.  However, because Patel did not argue this issue in his brief to the BIA, we would have no jurisdiction to consider this claim even if he had raised it before this Court.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam); 8 U.S.C. § 1252(d)(1).