[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12223
Non-Argument Calendar

_____

Agency No. A206-623-066

DONELDO MENOCAL-VARGAS, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 22, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Doneldo Menocal-Vargas petitions for review of the decision of the Board

of Immigration Appeals.  The Board dismissed Menocal-Vargas's appeal of the

immigration judge's decision, which denied his applications for asylum,

withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.  After careful review, we deny the petition, as Menocal-Vargas has not shown he is eligible for relief.

## I

In 2014, Menocal-Vargas, a native and citizen of Honduras, entered the United States.  He was charged with being removable under the Immigration and Nationality Act ("INA") for entering the United States without being admitted or paroled.  See 8 U.S.C. § 1182(a)(6)(A)(i).  Menocal-Vargas applied for asylum and withholding of removal under the INA and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  In his applications, he said he faced persecution by the gang Maras Salvatrucha ("MS") because he told young men and children not to join gangs, because MS believed he worked for the army to fight gangs, and because MS threatened to kill his family unless his son joined MS.

The immigration judge ("IJ") held a hearing on Menocal-Vargas's claims. Menocal-Vargas testified that three members of MS visited his home once in January 2014.  The MS members visited Menocal-Vargas because he was trying to

---

[1] Menocal-Vargas's wife and two children also went through the immigration proceedings, and Menocal-Vargas's applications make their claims derivative of his claims.  We address the facts as they relate to Menocal-Vargas in this opinion.

2

dissuade young men from joining gangs through a church program. After seeing certain military diplomas on his wall, the MS members thought he was an undercover police officer trying to go after gangs. The MS members also threatened Menocal-Vargas, telling him that they would kill his family unless his son joined MS. Menocal-Vargas provided two theories of eligibility for relief. First, he said he was in a social group "made up of former members of the military who are actively speaking against gang affiliation." Second, he said his opposition to gangs is a protected political opinion.

The IJ denied Menocal-Vargas's applications for asylum, withholding of removal, and CAT relief. The IJ found there had been no past persecution in this case. It separately found that Menocal-Vargas failed to show he has been or will be persecuted based on membership in a protected particular social group or political opinion. Because Menocal-Vargas failed to meet the burden for asylum, the IJ found he likewise failed to meet the higher burden for withholding of removal. Finally, the IJ did not grant CAT relief because there was no indication that Menocal-Vargas would be tortured if he were to return to Honduras.

The Board of Immigration Appeals ("BIA") dismissed Menocal-Vargas's appeal. Like the IJ, the BIA determined that Menocal-Vargas did not show past persecution or that he was or would be persecuted on the basis of membership in a protected particular social group or political opinion. Although the BIA noted that

3

Menocal-Vargas said MS has and will harm him on account of an imputed political opinion, the BIA declined to address this argument because it found that Menocal-Vargas raised it for the first time on appeal.  Menocal-Vargas now petitions this Court to review the BIA's decision regarding his application for asylum.[2]

## II

In a petition for review of a BIA decision, we review de novo the BIA's conclusions of law and review its factual determinations to decide whether they are supported by substantial evidence.  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016) (per curiam).  To be eligible for asylum, an applicant must establish either past persecution or fear of future persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231–32 (11th Cir. 2007); see 8 U.S.C. § 1101(a)(42)(A).  Persecution is an "extreme concept" that requires "more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (quotation marks omitted).  Menocal-Vargas says his claims of persecution are based on two protected grounds: his membership in a particular social group and his political opinion.  We address each in turn and conclude that Menocal-Vargas

---

[2] Menocal-Vargas does not raise the denials of his applications for withholding of removal and CAT relief in this Court, so we do not address them.

4

has failed to show persecution based on either protected ground.  He is therefore ineligible for asylum.  See Sanchez Jimenez, 492 F.3d at 1231–32.

We begin with Menocal-Vargas's assertion that he faces persecution based on his membership in a particular social group.  In order for a group to qualify as a "particular social group" under the INA, the group (1) cannot be "too numerous or inchoate," and (2) must have "a common, immutable characteristic" that cannot or should not change because it is fundamental to the members' individual identities or consciences.  Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1310 (11th Cir. 2013) (per curiam) (quotation marks omitted).  Menocal-Vargas says he is part of a group of "former members of the military actively speaking against gang affiliation."  This Court has deferred to a BIA decision finding that a group of people who "renounced their . . . membership" in a specific gang was not sufficiently particular.  Gonzales, 820 F.3d at 404–05 (citing In re W-G-R-, 26 I. & N. Dec. 208, 221 (BIA 2014)).  In keeping with this precedent, a group of people "actively speaking against gang affiliation" is also not sufficiently specific to constitute a particular social group.

We now consider Menocal-Vargas's assertion that he faces persecution based on his opposition to gangs.  He characterizes his opposition as a protected political opinion.  While opposition to nongovernmental groups like gangs can amount to a protected political opinion, the asylum applicant must show that the

5

persecution was <u>because of</u> that political opinion.  <u>See</u> <u>Sanchez v. U.S. Att'y Gen.</u>, 392 F.3d 434, 437–38 (11th Cir. 2004) (per curiam).  In other words, it is "not enough to show that [the applicant] was or will be persecuted or tortured due to [a] refusal to cooperate" with the gangs.  <u>Id.</u> at 438.  In addition to the asylum applicant's actual political opinion, when a persecutor falsely attributes an opinion to the asylum applicant and then persecutes him based on that mistaken belief, the asylum applicant can show persecution based on that "imputed political opinion." <u>Najjar v. Ashcroft</u>, 257 F.3d 1262, 1289 (11th Cir. 2001), <u>overruled on other grounds by</u> <u>Patel v. U.S. Att'y Gen.</u>, 971 F.3d 1258 (11th Cir. 2020) (en banc).

Menocal-Vargas says he faced and fears persecution as evidenced by the MS members visiting his home on account of his efforts to prevent young men from joining gangs.  However, regardless of whether Menocal-Vargas's conduct amounted to a political opinion, the record does not show he was ever personally threatened or otherwise persecuted during that visit for his opinion.  This single visit by MS did not amount to persecution.  To be sure, the record does show that the MS members threatened to kill Menocal-Vargas and his family unless his son joined MS.  And while that might show Menocal-Vargas was or will be persecuted, it does not show persecution <u>because of</u> his political opinion.  At most, it shows persecution due to Menocal-Vargas's refusal to cooperate with MS, and this is not protected.  Finally, Menocal-Vargas says he was or will be persecuted based on the

6

MS members' belief that he was working either in the army or as a police officer to fight gangs. The BIA declined to address this imputed political opinion argument because it found that he raised it for the first time before the BIA. Menocal-Vargas does not challenge this determination by the BIA before us, so he has abandoned that challenge. See Sepulveda, 401 F.3d at 1228 n.2. We therefore cannot consider Menocal-Vargas's imputed political opinion argument.

**PETITION DENIED.**